WEISE VS. THE BOARD OF SUPERVISORS OF MILWAUKEE COUNTY.

*March 8 — March 24, 1881.*

IMPLIED CONTRACT: *Professional services rendered after expiration of specific contract.*

> Plaintiff as a physician was employed for a year, at a fixed salary, to render professional services for a county; and at the end of the year, no successor being then appointed, no new contract being made with him, and no notice given by him that he should demand a different rate of compensation, he continued to render the same kind of services for several months, and until another physician had been appointed and qualified as his successor. *Held*, that he can recover for such additional period of service only at the rate of compensation fixed by his contract of the previous year.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff appealed from an order of the county board of supervisors disallowing his account for medical services rendered on orders of the board. On the trial, a verdict was rendered in favor of the defendant by direction of the court; and from a judgment pursuant to the verdict, plaintiff appealed.

The cause was submitted for the appellant on the brief of *M. N. Lando.*

*W. C. Williams*, for the respondent.

COLE, C. J. It appears in this case that the plaintiff, for one year prior to December 31, 1878, was the county physician for the south side of the city and county of Milwaukee, rendering services for a fixed salary, which was agreed upon between him and the county board. At the termination of his engagement, no qualified physician was appointed by the board, and the plaintiff continued to act right along from the first of January, 1879, to March 5th following, when his successor was appointed, or duly qualified, and commenced discharging the duties of this employment. There was no new arrangement made by the board with the plaintiff as to compensation for services rendered after January 1, 1879; and the question presented is, Was the plaintiff entitled to recover the usual professional charges for his services, or only a *pro rata* amount of his salary? The learned circuit court held, that, as he continued to act after his engagement had expired, without any new arrangement with the board, the presumption was that he was rendering services under the rate of compensation of the prior year, and was entitled to recover only a proportional part of the salary.

We are inclined to agree with the court below in this view of the case. Doubtless the plaintiff might have declined to act as physician for the county after the termination of his contract, but this he did not see fit to do. He states in substance that he was the physician of the county for the south

side up to the 31st of December, 1878, and, as there was no qualified physician appointed to discharge his duties, he continued "right along" under his employment. Under such circumstances the presumption must be that he was rendering the services for the salary stipulated for in his contract. Had he notified the board that he should claim the regular professional charges for any services which he might render after the termination of his contract, the board might have declined to employ him. But as he gave no such notice, but continued right along, the board might well have supposed he would only claim the stipulated salary while he served. It is analogous in principle to the case of an officer holding over until his successor is chosen and qualified, where the rule is that for services rendered after the expiration of the term only *pro rata* salary can be claimed. Probably he was not a "public officer," within the definition of those words as given in *U. S. v. Hatch*, 1 Pin., 182; *Butler v. The Regents*, 32 Wis., 124; and *Hall v. State*, 39 Wis., 79. He was rendering services under a contract which limited his employment and fixed the compensation. The plaintiff might have refused to serve, and the board have refused to employ him, after the 31st of December, 1878. But as this was not done, both parties must be deemed to have gone on temporarily according to the terms of the original contract. As soon as another qualified physician was appointed, the plaintiff ceased to act for the county, as he had the right to do.

The record shows that the board disallowed the account which the plaintiff filed, but instructed its clerk to issue a county order to cover two months' salary at $450 per year. The account contained nearly two hundred different charges, but the board considered that the plaintiff was only entitled to a salary *pro rata* for the time he held over, and disallowed the entire account. We think that the plaintiff has no legal or just ground of complaint at this decision of the board, and that the circuit court properly directed the jury to find for the

defendant. It seems to us it would be most unreasonable to hold, under the circumstances, that the plaintiff was entitled to recover on a *quantum meruit* for the professional services rendered after January 1, 1879.

*By the Court.*— The judgment of the circuit court is affirmed.