ROBERT S. INGALLS

*v.*

JOSEPH C. ALLEN.

*Filed at Ottawa March 29, 1890.*

1. CONTRACT—*after-performed services—whether under the terms of the original contract—presumption.* If one person employs another for a certain time at an agreed price per month, and the services are continued after the expiration of the time agreed upon without any new agreement as to price, it will be presumed that the parties understood that the original rate of compensation is also to be continued. In such case the recovery of wages by the employe will not be upon the *quantum meruit,* but upon the contract implied by law, and for the compensation originally fixed by the parties.

2. If the nature of the service required to be performed be not different from that required by the original contract, the fact that the services rendered after the original term had expired were at a different place, or may have been of a slightly different character, will not destroy this presumption, if it can be said that such service was a continuation of the original service, and within the scope, generally, of the original employment.

3. It can not be said that the presumption necessarily arises, from the fact that, subsequent to the termination of service under a special contract, the employer requested the employe to do certain other work at a different place, that the parties intended that the same price should be paid for the subsequent services as was agreed to be paid under the original contract of employment, especially when such request is made

any considerable time after the completion of the service under the express agreement. The presumption is only warranted when the service can be said, as a matter of fact, to be continuous.

4. SAME—*subsequent service—whether of the same character—as a question of fact.* Whether the service rendered after the original term of employment has expired, is of the same nature and of the character contemplated by the original contract, is a question of fact, and, as such, is proper to be submitted to a jury.

5. In this case, it appeared the plaintiff was employed to manage the defendant's ranch in Kansas, at certain stipulated wages per month. On the sale of the ranch the service ended, and the plaintiff returned to this State. About two weeks after his return the plaintiff claimed he was requested by the defendant to perform other services, without any agreement as to compensation, but this was denied. On the trial of an action to recover for such services, the court instructed, for the plaintiff, that "if the jury believed, from the evidence, that the defendant employed the plaintiff, at an agreed sum per month and expenses, to proceed to Kansas and take charge of a farm, the property of defendant, for an indefinite period, and that subsequently defendant requested the plaintiff to return to Chicago, and proceed to Oak Park, to do certain other work for defendant, and that plaintiff did both, with no other or different arrangement as to salary and expenses, then plaintiff is entitled to recover for the full time he so remained in defendant's employ, at the rate agreed upon in the first instance :" *Held,* that the instruction was erroneous.

6. By the instruction, the jury were not left at liberty to determine whether the "certain other work" was within the scope of the original employment or not, or whether the service rendered at Oak Park by the plaintiff, if any, was a continuation by him in the original employment under the original contract. It was improper to assume by the instruction that if the plaintiff was "subsequently" requested to do certain other work, such other work was a continuation of the service under the original employment.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county ; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. FRANK J. CRAWFORD, and Mr. C. J. WARD, for the appellant :

We do not question the correctness of the rule, that if a person enters the service of another under a special contract fixing the term of service and the price, and he continues in such

172    INGALLS *v.* ALLEN.

Brief for the Appellee.    Opinion of the Court.

employment after the term is ended, without any new contract, he will be presumed serving under the original contract. *Sewing Machine Co.* v. *Bulkley,* 48 Ill. 189; *Rauck* v. *Albright,* 36 Pa. St. 371.

Taking charge of defendant's farm in Kansas "for an indefinite period, at an agreed sum per month," was one thing, but the doing of "certain other work" at Oak Park was quite a different thing. Such radical change of employment could not be considered the same or a continuous employment, so as to raise the presumption stated by the court in the plaintiff's second instruction.

Messrs. D. J. & H. D. CROCKER, for the appellee:

The jury has found, from the evidence, a contract and a continuous employment, which finding should not be disturbed. *Pollock* v. *McClurken,* 42 Ill. 370.

It is the province of the jury to decide what an oral contract is, when the evidence is conflicting as to the intent of the parties, and as to its terms, and also to find whether there is a contract or not. *Patten* v. *Pancoast,* 109 N. Y. 625.

The finding of the Appellate Court upon controverted questions of fact is conclusive. *Canon* v. *Grigsby,* 116 Ill. 151.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This action was brought by appellee, to recover from appellant wages at the rate of forty dollars per month, from January 1, 1885, to November 1, 1887, during which time appellee claimed to have been in the service of appellant, and also to recover $150 which appellee claimed appellant promised him if a certain farm of appellant should be sold by appellee's aid, and for some items of money advanced.

Appellee went to Kansas to oversee and manage a ranch for appellant, under an agreement, as appellee testifies, that he was to be paid forty dollars per month and his board, and the expenses of traveling. Appellant admits that appellee went

to Kansas to manage his ranch, but denies that there was any
contract as to what his wages should be, and contends that
he was not qualified for or capable of managing the ranch or
performing what he undertook to perform. In the spring of
1886 appellee returned from Kansas, and, as he claimed, by
direction of appellant, went to work for him at Oak Park, in
and about a hotel and livery stable which appellant was op-
erating at that place. Appellant insists that appellee was not
in his employ at Oak Park, but that he was appellant's part-
ner in running the livery stable, and boarded at appellant's
hotel, and appellant claims to recover for said board in this
suit by way of set-off. Appellee testifies that nothing was said
about the rate of wages when the employment was changed
from the Kansas ranch to the Oak Park hotel and livery stable,
and that he had no connection with the stable at Oak Park,
except to look after it. On this state of facts the following
instruction was given:

"If the jury believe, from the evidence, that the defendant
employed the plaintiff at an agreed sum per month, and ex-
penses, to proceed to Kansas and take charge of a farm, the
property of defendant, for an indefinite period, and that, sub-
sequently, defendant requested plaintiff to return to Chicago
and proceed to Oak Park to do certain other work for defend-
ant, and the plaintiff did both with no other or different ar-
rangement as to salary and expenses, then plaintiff is entitled
to recover for the full time he so remained in defendant's em-
ploy, at the rate agreed upon in the first instance."

Appellant insists that the employment was for superintend-
ing his Kansas ranch only, and that ended when the ranch
was, by appellant, sold to Kunde, and that if appellee worked
for appellant at Oak Park, (which the latter denies,) without
any new agreement fixing his compensation, appellee is enti-
tled to recover only what his services were reasonably worth.
The rule undoubtedly is, that if one person employ another at
an agreed price for a time certain, and the employment is con-

tinued after the expiration of the time agreed upon without any new agreement as to price, the presumption is that the parties understood that the original rate of compensation is also to be continued; and it can make no difference that there may be some change in the services required and performed, as, that there be an increase or diminution of the labor, so long as it is clearly within the scope of the original employment. The reason is, that if the employe remains in the same employment, after his term of service has expired, without making demand for increased pay, the employer may well presume that no increased compensation is expected or will be required, and having acted upon that presumption, and failed to protect himself by a new contract, the employe will be held to have assented to a performance of the service at the original price. The rights of the employe and employer are mutual and reciprocal. So where the employer permits a continuation of the service after the term has expired, without a new stipulation as to the price, it will be presumed that he expected and intended to pay for the service the original compensation stipulated. In such case, the recovery will not be upon the *quantum meruit*, but upon the contract implied by law, and for the compensation presumed to have been fixed by the parties. *Wallace* v. *Floyd*, 5 Casey, 184; *Ranck* v. *Albright*, 36 Pa. St. 367; *N. H. Iron Factory* v. *Richardson*, 5 N. H. 295; *Grover & Baker S. M. Co.* v. *Bulkley*, 48 Ill. 189.

If the nature of the service required to be performed be not different from that which the parties had in contemplation when the original contract was entered into, the fact that the services rendered after the original term had expired were at a different place, or may have been of a slightly different character, will not destroy this presumption, if it can be said that such service was a continuation of the original service and within the scope, generally, of the original employment. Whether the service rendered in a given case is of the same nature and of the character of service within the view or con-

templation of the parties when the original contract was entered into, is a question of fact, and, as such, is proper to be submitted to and be determined by the jury. The instruction proceeds upon the basis, that if appellant had agreed to pay "a fixed sum per month to appellee for taking charge of the farm and property of appellant in Kansas, and that, subsequently, appellant requested appellee to return to Chicago, and proceed to Oak Park and do certain other work for appellant, and appellee did so without any other arrangement as to compensation, then appellee was entitled to recover for the full time, at the rate of compensation first agreed upon." The jury were not left at liberty to determine whether the "certain other work" was within the scope of the original employment or not, or whether the service rendered at Oak Park by appellee for appellant, if any, was a continuation by appellee in the original employment under the original contract. If the jury had found that the service at Oak Park was but a mere continuation of the service in Kansas, and was of the same general nature, the law would raise a presumption that it was performed under the original contract of service.

It would seem, from the evidence, that considerable time elapsed between the time when appellee quit work in Kansas, before he entered upon the service at Oak Park, and it was, we think, improper for the court to assume, as it did in this instruction, that if appellant "subsequently" requested the appellee to proceed to Oak Park to do certain other work for appellant, as a matter of law such other work was a continuation of the service under the original employment, and to be paid for at the price originally agreed upon for the service rendered in Kansas. The fact being established that the employment continued after the expiration of the original term, and the service rendered being of the same general nature and character as that contemplated by the original agreement, as before said, the law implies a promise to pay the price agreed upon; but it was, in view of the facts disclosed by this record,

error for the court to assume the fact, as was done in this instruction. It can not be said that this is error without prejudice. The evidence of whether service was performed by appellee for appellant at Oak Park is conflicting and irreconcilable; and it is by no means so clear, when all the evidence is considered, that the verdict was correct, that we can say substantial justice has been done. As to whether appellee performed any service for appellant at Oak Park, or, if he did, when such service began, (*i. e.*, how soon after the termination of his former service,) and the kind and character of service performed, are controverted questions, and evidence was offered sustaining the contention of each party.

Is it the law, that if appellant, "subsequently" to the termination of the service of appellee under the original agreement, requested appellee to do certain work for him at Oak Park, although of the same general character as that contemplated by the agreement, a presumption arises that the parties intended that the same price should be received by appellee or be paid by appellant? If so, how long "subsequently" before such presumption would cease? There is much evidence tending to show, that for at least two weeks after appellee had returned to Chicago from Kansas he performed no substantial service, and that that time, or a much longer period of time, elapsed before the service was actually entered upon by him in appellant's hotel and livery stable at Oak Park. We are of opinion that it can not be said that the presumption necessarily arises because the request was subsequently made, or after the lapse of any considerable time from the completion of the service under the express agreement. · The presumption is only warranted where the service can be said, as a matter of fact, to be continuing.

We find no other error in this record, but for the one indicated, the judgments of the Appellate and circuit courts must be reversed, and the cause remanded to the circuit court for further proceedings.                    *Judgment reversed.*