CRANE BROS. MANUFACTURING COMPANY

v.

SAMUEL W. ADAMS.

*Filed at Ottawa May 12, 1892.*

1. EVIDENCE—*res gestæ—evidence disproving acquiescence of employe in a proposed reduction of wages.* Where a secretary of a corporation was to receive a fixed salary of $5000, and the dividend, less eight per cent, on $50,000 of allotted stock in the company, which he had received, for five years, on receiving notice that he would not longer be allowed such dividend, took immediate steps to find employment elsewhere, and in a suit by him to recover such dividend, testified that he did not assent to the proposed change in his compensation. It was *held*, that the admission in evidence of his making arrangements to quit the service was not error, as its only effect was to emphasize his denial of any acquiescence in the contention of the corporation that the allotment of stock had been withdrawn, and might be regarded as part of the *res gestæ.*

2. NOTICE—*employer and employe—right to notice of change in wages.* A party who has been for several years in the employ of a corporation at a fixed salary, and has been drawing dividends on stock allotted to him as additional compensation by the understanding and agreement of the parties, will be entitled to notice of any change in the amount of his compensation, so that he may leave the service if not satisfied with the change.

3. SAME—*employe continuing service after notice of change in wages—presumption of acceptance.* If the employer gives notice to the employe of the reduction of the wages thereafter to be paid, and the latter continues in the service without objection, the presumption will be that he assented to the new terms, and performed services thereunder.

4. CONTRACT FOR SERVICES—*continuing employment after expiration of term—presumption as to compensation.* A corporation had elected a person as its secretary, at its annual meeting of directors, for several years, and had fixed the yearly compensation to be paid him, and elected him again in 1883, thus continuing him without any notice of any change of the salary to be paid, and he served as such for that year: *Held*, that it must be presumed that he accepted his appointment and performed the service upon the original terms, and that he might recover the same.

5. If the employer continues to receive his services without giving notice of any change in the compensation to be paid, the employe will

have the right to presume that his wages or compensation will continue as in the past, and will be presumed to have rendered the services under the original arrangement or agreement. The rights of the employer and employe are mutual and reciprocal. Any material change in the terms of the contract by the employer, without the consent of the employe, will give the right to the latter to discontinue the service.

6. It has been repeatedly held that where one party enters the employment of another under a special contract fixing the time and price to be paid, and continues in such employment after the term has elapsed, it will be presumed that the hiring and service were under the original contract.

7. ESTOPPEL—*acts not inconsistent with the claim, and not misleading.* A corporation employed a secretary for several continuous years, at a fixed salary of $5000 and the dividend on $50,000 of allotted stock, less eight per cent, which amounted to $5040. The secretary was re-elected without notice of the withdrawal of such allotted stock, and served as such. The $5040 dividend on allotted stock was entered on the company's books for that year, but afterward the amount was charged back to him, and he was notified of such change when he left the service. Afterward he drew out all his fixed salary and dividends on the allotted stock except the item of $5040, and had other dealings with the corporation, in respect of which dealings he made a settlement, but not of such item : *Held,* that the acts of the secretary in drawing out his admitted compensation, and settlement as to the other subsequent dealing with the corporation, did not bar or estop him from recovering his dividend on the allotted stock, it not appearing that his conduct in any way misled the corporation.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. DENT & SMITH, for the appellant.

Messrs. HOYNE, FOLLANSBEE & O'CONNER, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellee was for a number of years secretary of appellant company at a fixed salary of $5000 per annum. In addition to this, appellant was accustomed to allot to certain of its employes a certain amount of its capital stock, the dividends upon which, less eight per cent of the stock not paid for, such

employes were to receive as and for part of their salary. In 1879 there was thus allotted to appellee $50,000 of such stock, and up to and including the year 1882 the earnings thereof were regularly paid to him in addition to his regular salary. In January, 1883, appellee was regularly elected secretary again, and drew his salary during that year from time to time, and there was at the end of the year put to his credit by the book-keeper the sum of $5040, as the net earnings upon said stock allotted to him, for that year. It is for the recovery of this last named sum that this suit is brought. Judgment therefor was rendered for appellee by the circuit court. On appeal to the Appellate Court that judgment was affirmed, and the case is brought here by the further appeal of the defendant below.

It appears, and is undisputed, that the allotment of stock was made by the company through its president, and formed part of the consideration for the services performed by the employes of the company to whom the allotment was made. That the allotment was made to appellee, and that he continued to draw the earnings thereof for a number of years, is also unquestioned. It is, however, claimed, that in January, 1883,—about the time of the election of appellee,—appellant, by its president, withdrew the allotment to appellee and notified him thereof, and this forms the only issue of fact in the cause. The circuit court determined that issue in favor of appellee, and the Appellate Court having affirmed the judgment, it is not open to review in this court.

On the 11th day of February, 1884, while appellee was in New York, and still acting secretary of appellant, the treasurer of the company wrote to him, that by direction of the president he had cancelled the credit of $5040,—the earnings of the allotted stock for the year 1883,—for the reason, as stated in said letter, that the president claimed that at the beginning of the year 1883 it was understood between him and appellee that the allotment had been withdrawn by the

company. This letter was read in evidence by the plaintiff without objection, and he testified that this was the first notice he had that his salary was to be in any way changed. On the part of the defense it was alleged, that on January 16 or 17, 1883, which would be before the time of the regular allotment, appellee was notified that he would not be allowed an allotment of stock for that year, and that the allotment was withdrawn. There was evidence tending to prove the giving of such notice. The plaintiff, as before seen, denied that he was so notified, and, on the contrary, testified that under his agreement with the company he was to receive enough, in addition to his regular salary, to make his compensation not less than $10,000 per year. It also appeared that some time in January, 1884, and prior to the receipt by appellee of the treasurer's letter before mentioned, appellee asked for a statement of his account from the company's books, which showed the item for $5040 now in dispute to appellee's credit. Upon the receipt of the treasurer's letter notifying appellee of the cancellation of said item by the authority of the president, he made arrangements to quit appellant's service, and evidence of this fact was objected to, and the ruling of the court in admitting it is assigned for error. He testified, that on receipt of that letter "I immediately turned back, determined that if Mr. Crane held the views stated in that letter I would quit the service of the company, and I at once made new arrangements with other parties." The only effect of this evidence was to emphasize his denial of any acquiescence in the contention of appellant that the allotment had been withdrawn. It could have no more effect than if he had said that he did not acquiesce in the change of his salary. If it was true that this letter was the first notice appellee had of the claim that there had been a change in his salary, his immediate action might well be considered a part of the *res gestæ*. But it is not important to so consider it. It could have in nowise been preju-

dicial to appellant in determining the issue of fact submitted to the jury.

On the trial the court instructed the jury, in effect, that if they believed, from the evidence, that the plaintiff remained in the service of the defendant the entire year (1883) in ignorance of any intention on the part of the company to reduce his salary or to deprive him of the earnings of said allotted stock as he had theretofore enjoyed it, if such prior enjoyment is shown by the evidence, and the jury further believe, from the evidence, and that he had theretofore and prior to said year been employed by the defendant company, and had been allowed, as part of his compensation, the earnings of such stock, and that he had entered upon the service of the defendant for the year 1883 with no new understanding, and that he was without fault in not understanding that there was any new arrangement, then the plaintiff was entitled to the same part of the earnings upon the same amount of stock as he had theretofore been entitled to be paid for said prior years, and the jury would find for the plaintiff for that amount. The giving of this instruction is assigned for error.

If the plaintiff had been several years in the employ of the defendant company, and had been drawing dividends upon stock allotted to him by way of an additional compensation, by the understanding and agreement of the parties, the plaintiff would be entitled to notice of any change in the amount of his compensation, so that he might leave the service if not satisfied with the change. If the employer continued to receive his service without giving notice of any change in the compensation to be paid, the employe would have the right to presume that his wages or compensation would continue as in the past, and would be presumed to have rendered the service under the original arrangement or agreement. The rights of the employer and employe are mutual and reciprocal. Any material change in the terms of the contract by the em-

9—142 ILL.

ployer without the consent of the employe would necessarily give the right to the latter to discontinue the service. (*Ingalls* v. *Allen,* 132 Ill. 170.) In this case, if the president of appellant intended to change the terms under which appellee's services were to be rendered, and under which they had been rendered in prior years, to his detriment, good faith and honesty required that he should give to appellee notice of such change, and thus enable him to leave the service if not satisfied with the reduction. If, after notice of the proposed change, appellee had continued in the service, and without objection, the presumption would be that he assented to the new terms and performed the service thereunder. *Moline Plow Co.* v. *Booth,* 17 Bradw. 574; *Beeston* v. *Colyer,* 4 Bing. 309; *Wallace* v. *Floyd,* 29 Pa. St. 184; *Grover & Baker Sewing Machine Co.* v. *Bulkley,* 48 Ill. 189; *New Hampshire Iron Factory* v. *Richardson,* 5 N. H. 294.

The employment, here, seems to have been from year to year,—that is, appellee was re-elected secretary at the annual meeting of the board of directors of appellant company in January of each year. The price to be paid for the services was fixed by the company or its officers. They having fixed it for the years previous, and having re-elected appellee secretary in January, 1883, without any notice to him, as the jury and lower courts have found, of any change in his compensation, it will be presumed that he accepted the appointment and performed the service upon the terms theretofore fixed by appellant. It has been repeatedly held that where one party enters the employment of another under a special contract fixing the time and price to be paid, and continues in such employment after the term has elapsed, it will be presumed that the hiring and service were under the original contract. (Cases *supra,* and *McKinney* v. *Peck,* 28 Ill. 174.) We are of opinion that if the plaintiff accepted his re-appointment in January, 1883, without notice of any proposed change in com-

pensation, he would be required to perform the service upon the same terms and for the same salary he had received for the previous year, and would be entitled to recover the same amount as his compensation. Whether notice was or was not given was one of fact, about which there was controversy, but has been definitely settled in this court, by the judgments below, against the contention of appellant.

The sixth instruction asked by the defendant was properly refused. It is to the effect that certain admissions of the plaintiff, by his acts and conduct, are a bar to a recovery by him. Without comment it is sufficient to say that we do not think that the facts therein recited constitute an estoppel. It is to the effect that if the plaintiff, after notice of the cancellation of the credit given him of the $5040 on defendant's books, made no reply by letter or notice, and "afterwards had further dealings with the defendant, and made a settlement in respect of such dealings, and drew the balance, if any, that remained to his credit on account of his fixed salary and the dividends otherwise due him, after he was charged back with the $5040, then the plaintiff can not recover." It appears that after plaintiff left the defendant's service there were mutual dealings between the parties and settlements made in respect thereof; that he drew the balance of his fixed salary, and perhaps dividends upon stock which he owned. There was, however, no settlement of the matter in dispute, nor did the dealings or matters entering into the settlement show an intended waiver of the claim in controversy. Nor can it be claimed that appellant was misled to its injury or prejudice in respect of this claim.

Finding no error in this record for which the judgment should be reversed, it is accordingly affirmed.

*Judgment affirmed.*