ROBERT S. INGALLS

*v.*

JOSEPH C. ALLEN.

*Filed at Ottawa, January 19, 1893.*

1. APPEALS AND WRITS OF ERROR — *reviewing question of fact — amount of damages.* The amount of damages to be assessed in a given case presents only a question of fact for the jury under proper instructions, and this court, on appeal from the Appellate Court, will refuse to review such a question.

2. SAME — *and herein of a remittitur.* And so, whether a *remittitur* of a part of the damages assessed by the jury covers the entire amount of excess in the verdict beyond what should have been returned, is a question of fact for the trial court, which this court is concluded by the judgment of the Appellate Court from considering.

3. SPECIAL INTERROGATORIES — *modification by the court.* The modification of special interrogatories asked to be submitted to the jury, by the omission of certain queries relating only to evidentiary facts, is not error.

4. SAME — *findings of the jury not responsive — remedy.* If the findings of the jury are not responsive to the interrogatories submitted, the counsel complaining should object to the receiving of the verdict, and ask the court to direct the jury to find specifically in the respect wherein their finding is not sufficient.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. FRANK J. CRAWFORD, for the appellant.

Messrs. CROCKER & PEBBLES, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case was before us at a former term, and will be found reported as *Ingalls* v. *Allen*, 132 Ill. 170.

The last trial in the Circuit Court resulted, as did the first, in a judgment in favor of the plaintiff below. It is not contended that the errors for which the judgment was reversed when the case was here before were repeated upon the last trial. The briefs before us are those only which were prepared for the argument of the case when it was before the Appellate Court, and the questions therein discussed are chiefly of fact which are eliminated from the case by the decision of that court.

It is insisted that appellee was improperly allowed $150 for selling a farm belonging to appellant, in Kansas. A remittitur of that amount was entered before the Circuit Court gave judgment; but it is argued this did not cure the error in the amount of the verdict, because it also included allowances for other amounts not sufficiently proved by the evidence. It is conceded, tacitly, at least, that there is no error of law either in the admission of evidence or in the instructions to the jury. The contention is that the jury disregarded the instructions of the court. The amount of damages to be assessed in a given case presents only a question of fact for the jury, under proper instructions, and we, therefore, refuse to review such a question on appeal from the Appellate Court. *Bangor Furnace Co.* v. *Magill*, 108 Ill. 656. And so, necessarily, whether the remittitur covered the entire amount of excess in the verdict of the jury beyond what should have been returned, is a question of fact for the trial judge, and concluded by the judgment of the Appellate Court.

A second insistence, on behalf of appellant, is that the trial court erred in refusing to submit to the jury certain special

interrogatories as asked on his behalf, but modified them by omitting matters of query, the answer to which was deemed material to his defense, and, as thus modified, submitted them to the jury. The queries so omitted were in regard to evidentiary facts only, and were, therefore, properly omitted. *C. & N. W. Ry. Co.* v. *Dunleavy*, 129 Ill. 132; *C., R. I. & P. Ry. Co.* v. *Clough*, 134 id. 586.

If the findings of the jury were not responsive to the interrogatories submitted, counsel for appellant should have objected to receiving the verdict, and have asked the court to direct the jury to find specifically in the respect wherein their finding was insufficient.

We are unable to discover any error of law for which the judgment should be reversed. It is, therefore, affirmed.

*Judgment affirmed.*