### THE GLUCOSE SUGAR REFINING COMPANY

*v.*

### JOHN L. FLINN.

*Opinion filed February 19, 1900.*

1. CONTRACTS—*party may recover for continuous employment at rates previously paid.* Where labor and services are rendered in a continuous employment a recovery may be had at the rates previously recognized and paid therefor from time to time.

2. PRINCIPAL AND AGENT—*when the character of agent's employment must be determined by jury.* Where the existence of a contract between a principal and his agent depends upon oral proof of the actions of the parties, the character of such contract with reference to the agent's powers is to be determined by the jury from the evidence, and is not to be declared in the instructions.

3. SAME—*when agent's contract for services of third person is binding on principal.* If an agent has express or implied authority to contract for labor and services, or is held out to have such authority by his principal, who acts upon a contract so made, the principal is bound to pay the stipulated price even though it is greater than the services and labor are reasonably worth, unless there was fraud on the part of the party contracting with the agent.

4. INSTRUCTIONS—*instructions must be based upon the evidence.* An instruction that a contract by an agent for services by a third party at a greater rate than they are reasonably worth is not binding upon the principal if the agent exceeded his authority and the contract was not ratified by the principal with full knowledge, is properly refused, where there is no evidence that the agent did exceed his authority.

*Glucose Sugar Refining Co. v. Flinn,* 85 Ill. App. 131, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

WILLIAM D. BARGE, for appellant.

STEVENS & HORTON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee is a contractor, employing a large number of carpenters, millwrights and mechanics, and appellant is a corporation operating extensive manufacturing establishments in different parts of the country. Carpenters, millwrights and mechanics are frequently called into requisition for the purpose of making repairs and improvements in the various factories operated by appellant. The factory at Peoria had formerly been operated by the American Glucose Company, with Thomas Gaunt as superintendent. Gaunt afterwards became the superintendent of the appellant when it commenced to operate these various factories. Appellee brought assumpsit against appellant to recover upon bills rendered for services performed and expenses incurred in and about the various factories operated by appellant. The declaration consisted of the consolidated common counts, with pleas of general issue and set-off. A trial was had before a jury and a verdict was rendered in favor of appellee for $7002.95. Motions for a new trial and in arrest of judgment were made, which were overruled and a judgment was rendered for $7017.56, the amount of the verdict with interest from the time of its rendition. An appeal was prosecuted to the Appellate Court for the Second District, where the judgment was affirmed, and this appeal is prosecuted.

The trial and Appellate Courts have determined conclusively the questions of fact, viz.: The rate of compensation appellee was entitled to receive for the work done and the men furnished; the contract between him and appellant; the authority of Thomas Gaunt to act for appellant in the transactions with appellee, and to make

the contract; whether it was ratified by Matthieson and other officers of appellant; and the amount of the verdict and judgment.

The appellant relies for a reversal upon alleged errors: First, that there was error in the admission of evidence of a bill for work done at Davenport in September, 1897; second, that there was error in refusing to permit appellant to show what the contract was between the American Glucose Company and appellee; third, that the court erred in giving the second instruction asked by appellee; and fourth, that there was error in refusing to give instructions asked by appellant.

Appellee claimed that he was to be paid at the rate previously paid by the American Glucose Company, and that appellant, by accepting and paying his bills for months without objection, was estopped, on a continuance of the employment, from questioning the rate. Appellee, claiming that Thomas Gaunt was the general superintendent of all these factories for the appellant and had employed him at a specified price, had a right to show the recognition of that price and the payment for services at the different factories. A fact of that character tended to show knowledge on the part of the appellant as to the prices charged, and, by payment, a recognition thereof. Where labor and services are rendered in a continuous employment, the rule is that for labor and services so furnished, a recovery can be had at the rates previously recognized and paid. *Crane Bros. Manf. Co.* v. *Adams*, 142 Ill. 125; *Ingalls* v. *Allen*, 132 id. 170.

It appears from appellant's brief that errors are relied upon in the refusal to admit material testimony offered by it. It is claimed that the testimony of Powers, who was manager of the American Glucose Company's Peoria plant from 1893 to 1894, was competent and should have been admitted. It is claimed that he learned the terms of the agreement existing between the appellee and the American Glucose Company from one Hamlin, who was

the president of the latter company.    All the questions that were asked to which the court sustained objections, as to this witness, were with reference to information received by the witness from Hamlin and others, and in every case was hearsay testimony, and was incompetent. There was no error in refusing to admit this testimony.

It is claimed the second instruction given on behalf of appellee in the case is erroneous.    It is as follows:

"You are instructed if you believe, from the evidence, the defendant agreed to pay plaintiff for labor and services furnished by the plaintiff to the defendant at the rate previously paid to the plaintiff for like services and labor by the American Glucose Company, then that would constitute a contract fixing the rate which the plaintiff could charge the defendant for such labor and services furnished, and if such contract was made it can make no difference to the plaintiff's right to recover in this case what rate of wages he paid to his carpenters.  He would have the right to recover according to the contract, without regard to the amount the labor cost him."

It is insisted that this instruction is bad, because, it is claimed, it assumes as a fact a matter in dispute, and calls the attention to testimony offered for the defense and then directs the jury to disregard that testimony. The instruction told the jury that if they believe, from the evidence, the defendant agreed to pay plaintiff at the rate previously paid to him by the American Glucose Company, then that would constitute a contract fixing the rate which plaintiff could charge the defendant, and if such contract was made it could make no difference to plaintiff's right of recovery what rate of wages he was to pay to those whom he employed.  It states the simple proposition that if a contract was made at a specified rate plaintiff could recover according to the contract, and it in no manner cut off the appellant's defense nor assumed any fact in dispute.  It was not error to give this instruction.

Appellant assigns error in refusing to give the thirteenth, nineteenth and twentieth instructions asked by it. By the thirteenth instruction the appellant asked that the jury be instructed that Gaunt was not authorized by his contract to make an agreement for labor by which a greater compensation could be recovered than it was reasonably worth. That instruction was modified and as modified given by the court, by which the jury were told that Gaunt was not empowered by his contract of employment to make any agreement for services, etc., in the name or on behalf of the defendant. The instruction as asked could have been properly refused. If Gaunt was authorized by his contract with appellant to contract with another for labor and services, and a contract was made without fraud on the part of that other, even though such labor and services were to be paid for at a greater compensation than they were reasonably worth, it would be binding on the appellant, and the instruction might well have been refused. The court modified the instruction and gave the same as modified, by which it was assumed as a fact, and so stated, that Gaunt was not empowered by his contract of employment to make any agreement for services. Where a contract between an employer and his agent with reference to the powers of the agent is in writing, its construction is for the court and may be given in an instruction; but where the existence of such contract depends on oral proof or the actions of the parties, the character of the contract must be determined by the jury from the evidence and is not to be declared in instructions by the court. The instruction as given was much more favorable to appellant than it was entitled to, and its refusal as asked and the giving of it as modified cannot be held error as against the appellant.

The nineteenth instruction refused was to the effect that if the jury believed that Gaunt, assuming to act for the defendant, made the contract set up by the plaintiff, and in doing so exceeded his powers, and said contract

required defendant to pay more for labor than it was reasonably worth, then it was not binding unless ratified by defendant with full knowledge. This instruction was properly refused, because there is no evidence that Gaunt exceeded his powers in making the contract. His testimony is that he was instructed by the president to make that agreement. He did make the contract with Flinn and frequent payments were made on the contract price, so that it is apparent that Gaunt was held out by the company to make such contract. The instruction was properly refused.

The twentieth instruction was that the implied authority of the superintendent of a corporation to employ labor for his principal does not authorize him to contract for such labor grossly in excess of its actual value, and that if Gaunt made an unreasonable contract it would not bind the defendant, unless he was specially authorized to make the same or it was ratified by the defendant. All three of these instructions are erroneous. Where an agent having express or implied authority, either under his contract of employment or by special directions of a superior officer, or where he is held out and allowed to appear to have authority, makes an agreement, or has made an agreement, which has been acted on by his principal, such agreement is binding on the principal, and if it is a contract for the price of labor or services the company must pay the stipulated price, unless there is fraud on the part of the persons contracting with the agent. It is not the law that in a suit on a contract made by an agent the plaintiff can recover only the reasonable value of the services rendered under such contract. *Union Mutual Ins. Co.* v. *Kirchoff*, 133 Ill. 368; *Toledo, Wabash and Western Railroad Co.* v. *Elliott*, 76 id. 67.

There was no error in the giving or refusing of instructions nor in the admission or exclusion of evidence. The judgment of the Appellate Court for the Second District is affirmed.

*Judgment affirmed.*