[Civ. No. 415. First Appellate District.—April 3, 1908.]

## DONALD E. PERRY, Respondent, v. THE J. NOONAN FURNITURE COMPANY, a Corporation, Appellant.

APPEAL—PRESUMPTION—BURDEN ON APPELLANT.—On appeal, it must be presumed that the proceedings of the lower court were regular, where the record does not show the contrary, and it is incumbent on the appellant to show error affirmatively.

ID.—REVIEW OF INSTRUCTIONS—STIPULATION—ERROR NOT SHOWN.—Although the record shows a stipulation as to what instructions given at the request of the parties and by the court were deemed excepted to, yet where the record does not show what instructions were given at the request of either party, or what instructions were given by the court, but they are all embodied together in the record, objection by the appellant that certain specified instructions were misleading cannot be considered, since it does not appear affirmatively that such instructions were not given at appellant's request.

ASSUMPSIT FOR SERVICES—SPECIAL CONTRACT—CONTINUANCE IN EMPLOYMENT AFTER FIXED TERM—COMPENSATION—PRESUMPTION.—In an action of assumpsit for services, where it appears that plaintiff was hired at a fixed salary under a special contract for a fixed term, and that he continued in the same employment after such term, without any new contract as to compensation, it is presumed that the parties intended the same compensation; and the remedy for the continued salary is by assumpsit on the contract.

ID.—INCREASED COMPENSATION NOT RECOVERABLE ON QUANTUM MERUIT. The contract must control as to the continued compensation, and there can be no recovery upon a quantum meruit for an increased compensation.

ID.—EMPLOYMENT BY INDIVIDUAL—CONTINUANCE UNDER INCORPORATION SUCCESSOR—EVIDENCE.—In an action upon a quantum meruit for the reasonable value of services rendered by the plaintiff to a corporation, where the plaintiff testified that he had drawn a weekly sum from the time of the incorporation, and it appears that prior to that time he had worked for a term of years for the individual

who had formed the corporation, and had given his own name thereto, and who controlled the business thereof, evidence to show that the sum drawn weekly under the corporation was the same sum that he had previously received weekly during the whole previous term of employment by the same man who had formed the corporation was admissible, and it was error to exclude it.

ID.—TESTIMONY OF PLAINTIFF AS EXPERT—CROSS-EXAMINATION.—Where the plaintiff had testified as an expert that his services to the corporation were worth a large monthly sum sued for, greatly in excess of the aggregate of the sum weekly received by him from the corporation, it was proper to show on cross-examination that he was working for the weekly sum received during all of his service for the owner of the business, both before and after the incorporation, and that his employment under the corporation was merely a continuance of the original contract of employment.

ID.—EVIDENCE—BY-LAW OF CORPORATION—DUTIES OF PLAINTIFF AS GENERAL MANAGER.—A by-law of the corporation showing the duties of the general manager of the corporation, to which position plaintiff had been appointed, was properly admitted in evidence.

ID.—QUALIFICATION OF EXPERT WITNESSES—DISCRETION OF COURT.— The determination of the qualification of expert witnesses who testified to the value of plaintiff's services was matter largely within the discretion of the trial judge, and will not be interfered with where no abuse of discretion appears.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

R. M. Fitzgerald, and Fitzgerald & Abbott, for Appellant.

F. W. Sawyer, Curtis Hillyer, and Hillyer, McInnis & O'Brien, for Respondent.

HALL, J.—This is an appeal by defendant from a judgment entered against it upon the verdict of a jury and the order of the court denying its motion for a new trial.

The complaint is in two counts. In the first count plaintiff sought to recover a balance of $10,021.91, upon *quantum meruit,* for services rendered by plaintiff to defendant, as its general manager, from November 18, 1898, to March 25, 1901.

The second count alleges that plaintiff was duly elected general manager of defendant by its board of directors on the eighteenth day of February, 1901, for the term of one year from said day, and performed the duties of said position until the twenty-fifth day of March, 1901, from which last day defendant has refused to permit plaintiff to perform such duties. Upon this count plaintiff sought to recover the sum of $5,385 as the reasonable value of the services that would have been performed but for the prevention by defendant.

The jury rendered a general verdict in favor of plaintiff for the sum of $2,500, for which judgment was accordingly entered for plaintiff.

Appellant objects to certain instructions given to the jury as misleading. Respondent insists that we cannot review the action of the court in this regard, for the reason that it does not appear from the record that the instructions now complained of were not given at the request of the defendant, and we think that this contention must be sustained.

The statement of the case recites that at the conclusion of the testimony, and after argument by the respective counsel for each party, it was stipulated "that all instructions given by the court on its own motion were excepted to by both parties; that all instructions requested by plaintiff and given by the court were excepted to by the defendant; that all instructions requested by defendant and given by the court were excepted to by plaintiff."

The statement sets forth about twenty folios of instructions, but nowhere is it shown which were given at the request of the plaintiff, which were given at the request of defendant, or which were given upon the court's own motion.

As was said in *Gray* v. *Eschen,* 125 Cal. 1, [57 Pac. 664] : "It is presumed that the proceedings in the court below were regular, and where error is claimed, it is incumbent upon appellant to show it affirmatively." For this reason we cannot say that the court erred in the giving of the instructions. (*Gray* v. *Eschen,* 125 Cal. 1, [57 Pac. 664].)

We think the court, in excluding certain testimony, erred to the prejudice of defendant. It was the contention of defendant that plaintiff had been employed by defendant during the period he worked for defendant at a stated salary, to wit, at the weekly salary of $27.50 per week, from No-

vember 18, 1898, to January 1, 1899, and at the weekly salary of $32.50 per week during the balance of the time; which had been fully paid him up to the time of his discharge, which occurred shortly after the death of Mr. Noonan. Plaintiff testified that his compensation had never been agreed upon or fixed, but that each week he had drawn $32.50 to cover his living expenses. He testified that the reasonable value of his services was $500 per month, and he sought to recover for his services at that rate.

"The J. Noonan Furniture Company" was incorporated November 18, 1898. In this connection plaintiff, upon cross-examination, testified: "It was Mr. Noonan's idea and my idea to incorporate the J. Noonan Furniture Company. Prior to the time of the incorporation of the J. Noonan Furniture Company I worked for Mr. Noonan, I think, ten or eleven years. I was an employee there." Thereupon he was asked by defendant's attorney, "What were your duties as an employee there?" Whereupon the attorney for the plaintiff said, "To this line of questions we will object to all of them,.and take a ruling of the court and exception." The court sustained the objection, and defendant excepted.

After plaintiff had testified that he had drawn $32.50 each week from the time of the incorporation, he was asked by defendant, "Isn't that the amount you received before incorporation?" Plaintiff objected, and the objection was sustained. Defendant excepted. Plaintiff testified that the assets of the J. Noonan Furniture Company came from J. Noonan. After plaintiff had testified that his duties did not change in character during the period covered by the action, he was asked on cross-examination, "On the 17th day of November, 1898, were not your duties just the same as they were on the 18th day of November, 1898?" To this question the court sustained the objection of plaintiff.

In these rulings the court erred. It is manifest from the record that defendant sought to prove, by the questions ruled out, that plaintiff had, before the incorporation of the business of J. Noonan into the J. Noonan Furniture Company, worked for J. Noonan in the same capacity that he worked for the corporation thereafter, and at the same wages that he drew and was paid after the incorporation of the business. This was proper cross-examination of the plaintiff upon his

testimony that his compensation had never been fixed, and that the sums that he drew weekly were not in payment of a fixed salary, but simply for his living expenses.

Where an employee, hired at a fixed salary, continues in the same employment after the expiration of the term of the original hiring, without any new contract as to compensation, it is presumed that the parties intend the same compensation. (*Nicholson* v. *Patchin*, 5 Cal. 475; *Hermann* v. *Littlefield*, 109 Cal. 430, [42 Pac. 443]; 20 Am. & Eng. Ency. of Law, 16, and cases cited under note 3 on said page.)

In such a case there can be no recovery on a *quantum meruit*, as the terms of the original contract control. (*Nicholson* v. *Patchin*, 5 Cal. 475; *Hermann* v. *Littlefield*, 109 Cal. 430, [42 Pac. 443]; *Grover & Baker Sewing Machine Co.* v. *Bulkley*, 48 Ill. 189; *Wallace* v. *Floyd*, 29 Pa. St. 184, [72 Am. Dec. 620]; *Weise* v. *Milwaukee County*, 51 Wis. 564, [8 N. W. 295]; *Ranck* v. *Albright*, 36 Pa. St. 367; *Ingalls* v. *Allen*, 132 Ill. 170, [23 N. E. 1026].) True, in the case at bar, after the 18th of November, 1898, plaintiff worked for a corporation, while before that date he worked for J. Noonan; but the record shows that the business of J. Noonan was on said day incorporated, and out of one thousand shares of the capital stock nine hundred and ninety-six were issued to and owned by Mr. Noonan, while the remaining four shares were issued, one to plaintiff, one to J. E. Skelley, another employee of Mr. Noonan, one to D. E. Doyle, another employee of Mr. Noonan, and one to Frances Noonan, the wife of Mr. Noonan. And this was the corporation for which he worked, a corporation evidently formed as a convenient instrument for conducting the business of J. Noonan. If he had continued to work in the same employment for Mr. Noonan, without a new agreement, it would be presumed, as a matter of law, that he continued to work for the compensation previously agreed upon. If it be conceded that this presumption would not obtain in this case as a matter of law, because of the change of the employer from an individual to a corporation practically owned by that individual, yet the circumstances were such as to make it proper to lay before the jury the conditions of the previous employment of plaintiff by Mr. Noonan. For if, notwithstanding the incorporation of the business under the name of the J. Noonan Furniture Company, plaintiff continued to work for the cor-

poration in the same capacity in which he had previously worked for Mr. Noonan, and to draw weekly, for over two years, the same amount without objection and without asking for an increase, it might fairly be inferred that this was because the parties understood and intended that the original contract was in force. It was therefore competent to show what the original contract of employment was. The terms of a contract may be manifested by conduct when not stated in words. (Civ. Code, sec. 1621.) In action upon *quantum meruit* against corporations by an officer thereof, "The situation of the parties at the time, the relations, if any, in which they stood, of a business character or otherwise,—are important to be known and considered, in order to arrive at a correct solution of the ultimate question involved." (*Barstow* v. *City R. R. Co.,* 42 Cal. 465; *McCarthy* v. *Mt. Tecarte L. & W. Co.,* 111 Cal. 328, [43 Pac. 956].) Evidence as to the employment of plaintiff by Mr. Noonan, and the compensation paid, would have thrown light upon the conduct of plaintiff in taking a weekly payment of a fixed amount, and would have tended to make clear the understanding of the parties interested as to the compensation to be received by plaintiff for his services rendered to the corporation, which was the successor to the business of Mr. Noonan.

The questions ruled out were proper for another reason: Plaintiff had testified as an expert that the services performed by him were worth $500 per month. Upon this phase of his direct examination it was proper to show upon cross-examination that he had performed the same services for practically the same concern for a much less compensation than $500 per month.

The court did not err in admitting in evidence the by-law defining the duties of the general manager. Plaintiff had been appointed to the position of general manager, and it was proper to show what the duties of such position were, so that it could be determined from the evidence as to what he did do, whether he had properly and fully performed the duties of his position.

We cannot say that the court erred in overruling the objection to the testimony of plaintiff and Bartlett as to the value of plaintiff's services. Plaintiff showed himself sufficiently qualified to give an opinion as to the value of his services.

While the qualifications of Bartlett were so meager that the court might well have ruled out his opinion, and such we think would have been the better practice, yet we cannot say that there was an abuse of discretion in allowing the testimony to go to the jury. The determination of the qualification of a witness offered as an expert must be left largely to the discretion of the trial judge. (*Howland* v. *Oakland C. St. Ry. Co.*, 110 Cal. 513, [42 Pac. 983].)

For errors in ruling out testimony above noted the judgment and order must be reversed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.