DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[S. F. No. 1021.   Department One.—June 7, 1899.]

G. F. GRAY et al., Appellants, v. JAMES ESCHEN et al., Respondents.

GOODS SOLD AND DELIVERED—BLASTED MATERIALS—PROOF OF OWNERSHIP—LEASE—TITLE TO LAND BLASTED.—In an action of *assumpsit*, for goods sold and delivered, which consisted of blasted materials, claimed by the plaintiffs to have belonged to them, and to have been taken away by the defendants, when the ownership thereof by plaintiffs was denied, proof thereof devolved upon them; and where they introduced a lease to themselves of premises from which they claimed the materials were taken, the right of the plaintiffs to recover depends upon the ownership by their lessor of the land from which the materials were blasted, and they cannot claim that such ownership was not in issue.

ID.—INSTRUCTIONS—OWNERSHIP OF LAND—BLASTING FROM STREET.—Instructions in such action, based upon testimony that the blasting was done by plaintiffs' lessor within the lines of a public street, to the effect that if the jury find that plaintiffs' lessor was not the owner of the land from which the materials were blasted, and had no interest therein, and that plaintiffs' only right to the materials was derived from him, their verdict should be for the defendants, and that, if any of the materials were blasted out of the street without the consent of the city authorities, their verdict should be for the defendants as to all materials which came from the street, are correctly given.

ID.—TITLE OF DEFENDANTS TO "WASTE" MATERIALS.—Where it appeared that defendants had bought from plaintiffs' lessor, and paid for all "waste" materials blasted by him on the premises subsequently leased by him to plaintiffs, the title of the defend-

CXXV. CAL.—1                    (1)

ants to such "waste" materials is superior to that of the plaintiffs; and plaintiffs only took from their lessor what had not before been sold to the defendants.

EXCEPTIONS TO INSTRUCTIONS—PRESUMPTION UPON APPEAL.—A general exception to the instructions without specifying any particular instruction, or part thereof, is insufficient; and where the court stated generally that every portion of the charge is deemed excepted to, it will be presumed upon appeal, against error not shown affirmatively, that all of the instructions were given at the request of appellant's counsel, of which appellant cannot complain.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The complaint is in the general form of *assumpsit* for goods, wares, and merchandise sold and delivered. There is no evidence in the record of any sale, but plaintiffs in support of their complaint, attempted to prove the taking by defendants of certain broken rock claimed to have been the property of plaintiffs. On February 23, 1895, defendants paid to one John Kelso one hundred dollars for which a receipt was given as follows: "To waste on property on the corner of Lombard and Montgomery streets, one hundred dollars. Paid February 23, 1895. John Kelso, by Saml. L. Lent." On July 30, 1895, the said Kelso gave a lease of a lot of land on Lombard and Montgomery streets to plaintiffs, which lease expressed that it was "for the purpose of having the rock removed therefrom, and the said lots graded to the level of the present grade," et cetera. Prior to February, 1895, said Kelso had blasted the bluff in the vicinity of Lombard and Montgomery streets, by which blast several thousand tons of rock, debris, et cetera, were thrown upon the land in the vicinity, and upon the lot so leased by said Kelso to plaintiffs. The rock and earth had been loosened by the blast before the receipt was given to defendants by Kelso for the one hundred dollars. The portion of the rock so lying upon the ground, and claimed to have been taken away by defendants after July 30th, is the property alleged to have been sold and delivered to defendants. Further facts are stated in the opinion.

Fisher Ames, for Appellants.

Boyd & Fifield, for Respondents.

COOPER, C.—Action to recover fifteen hundred and eighty dollars for goods, wares, and merchandise alleged to have been sold and delivered by plaintiffs to defendants. Verdict and judgment for defendants. Motion for new trial and order denying the same. This appeal is from the judgment and order.

The plaintiff's counsel in the bill of exceptions and statement specifies six errors of law occurring at the trial by reason of the court giving certain instructions to the jury, but in his brief argues only four, and we will examine only those urged in the brief. The first instruction complained of reads as follows: "If you find and believe that John Kelso was not the owner of the land from which the said materials were blasted, and had no interest or estate in said land which gave to him the right to blast them out, and the only right to said materials derived to the plaintiffs was derived from John Kelso, your verdict will be for the defendants."

It is not claimed but that the instruction is correct as an abstract proposition of law, but it is said there was no issue as to the ownership by John Kelso of the lands from which the said materials were blasted. The plaintiffs, under the issues made by the pleadings, had to prove that they were the owners of the "merchandise sold and delivered" to defendants. To prove such title they introduced what is called a lease from John Kelso to them, and the whole theory of the plaintiff is that the rocks were taken from the premises described in this lease. If Kelso did not own the land from which the materials were blasted, the plaintiffs, as we understand the case, could not recover. There was testimony that all the blasting was within the lines of Lombard street. If this is true, then the rock did not come from the lands described in the lease to plaintiffs and Kelso was not the owner of the lands from which the materials were blasted. It is claimed that it was error for the court to use the words "said materials," because the term is so indefinite that the jury may have considered that it meant rock as well as waste material. The court in other parts of its instruction referred to said materials as those taken by defendants and told the jury that they were to determine from all the facts and circumstances what materials were included within the term "waste." Apply-

ing the rule that all the instructions are to be read together as supplementing and explaining each other, the instruction could not have been misleading.

The second instruction complained of reads as follows: "If you find and believe that the said materials, or any part thereof, was blasted out of Lombard street, without the license of the proper authorities of the city and county of San Francisco, then your verdict will be for the defendants, so far as all the materials which so came out of Lombard street, if any, are concerned, but not necessarily as to the other materials."

The reasons given as to why the first instruction was not prejudicial error apply to this. There was testimony in the record that the blasting was out of Lombard street.

The third instruction complained of is as follows: "If you find and believe that said materials came out of the fifty-vara lot on the southwest corner of Lombard and Montgomery streets, and that all the allegations of the complaint are true, then your verdict for the value of said materials (exclusive of waste) will be for the plaintiffs."

The instruction was certainly favorable to plaintiffs and could not have injured their case unless they were entitled to recover for "waste." Defendants had bought of Kelso and paid for the "waste" long before the lease was made to plaintiffs. If defendants and plaintiffs both claim title from a common source, as counsel elsewhere states in his brief, it appears to us that the plaintiffs only took from Kelso that which had not before been sold to defendants.

The fourth and last instruction complained of reads as follows: "On the contrary, if you find and believe that the defendants took and removed materials other than waste, and that the complaint is true, then your verdict for said materials, other than waste so taken and removed, will be for the plaintiffs." This instruction is practically the same as the third complained of, and for the same reasons the giving of it was not error. We have considered the alleged errors in giving the instructions, but we might well have held that proper exceptions were not taken to them. The court in giving the instructions said: "I give you the following instructions based upon those given by the respective counsel, and in some instances they have been modi-

fied by the court"; and then proceeded to read or give the instructions. They were not numbered, and there is nothing in the record to show whether any particular instruction was given at the request of the plaintiff or of the defendant, or, if modified by the court, in what respect or what was the instruction modified. The respective counsel asked after the instructions were read "that certain exceptions to the instructions given by the court be reserved." The court stated: "It is understood that every portion of the charge is deemed excepted to by each counsel, and every omission or modification is also deemed excepted to by each counsel." We cannot possibly say from this record that there was a single omission or modification. It does not appear that plaintiff excepted to any instruction or any portion of any instruction. If the instructions under the statement of the court are deemed excepted to by plaintiffs, we are totally in the dark as to whether such instruction was given at the request of plaintiffs or of defendants. It certainly could not avail plaintiffs' counsel to except to an instruction offered by himself. It is presumed that the proceedings in the court below were regular, and where error is claimed it is incumbent upon appellants to show it affirmatively.

Applying the rule to the instructions given in this case, we must presume that each and every one of the instructions were given at the request of plaintiffs' counsel. We find nothing in the record to show that plaintiffs excepted to any one of the instructions so given, but the court said that they might each be deemed excepted to. It cannot avail counsel to deem his own instructions "excepted to." In *Bernstein v. Downs,* 112 Cal. 205, certain instructions were given to the jury at the request of plaintiff. Counsel for defendants said: "We except to the instructions asked for and allowed by the court on the part of the plaintiff." This court held this was not a specification of the particular errors upon which the party intended to rely and in the opinion said: "There certainly should be at least an exception to each of the instructions by number or other designation, otherwise the attention of the court is not called to any one particular alleged error."

If counsel in this case had said at the conclusion of giving the instructions, "I except to every portion of the charge and every

omission or modification thereof," it could not plausibly be claimed that the exception was sufficient. If it would not have been sufficient for counsel to have made the exception in this form, it certainly was not sufficient "that he be deemed to have made it." In the case of *Cockrill v. Hall*, 76 Cal. 195, the exception was: "To each and every part and to the whole of said instructions the plaintiff duly excepted." This court held the exception insufficient, and in discussing the exception said: "This was nothing more than an exception taken to the whole charge of the court without bringing to its attention any special point where error was claimed to have been committed." Under the rule laid down in the above cases we do not think, even if the instructions contain error, that plaintiffs can avail themselves of it on this record.

We advise that the judgment and order be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.