[Sac. No. 2817. In Bank.—March 30, 1920.]

SUTTER BUTTE CANAL CO. (a Corporation), Appellant, v. AMERICAN RICE AND ALFALFA COMPANY (a Corporation), Respondent.

[1] CONTRACT—FURNISHING WATER FOR IRRIGATION OF RICE CROP—EVIDENCE—EFFECT OF DELAY.—In actions by a canal company to foreclose liens to secure promissory notes given by a rice company in payment for water, wherein the defendant filed counterclaims for damages alleged to have been suffered because of the partial failure of a rice crop alleged to be due to the delay of the plaintiff in furnishing irrigating water, testimony of witnesses as to the effect upon a rice crop of delay in furnishing water was clearly admissible for the purpose of showing that such delay was the proximate cause of defendant's loss.

[2] APPEAL—INSTRUCTIONS—RECORD.—It is important for the record to show whether or not instructions complained of are given at the request of the party complaining, and this should be made clear by the judge, for, in default of such explanation, a party complaining of such an instruction may find his objection precluded by the rule which favors regularity of the proceedings in the trial court.

[3] ACTION FOR WATER FURNISHED—COUNTERCLAIM FOR DAMAGES TO CROP—INSTRUCTION—ASSUMPTION OF BREACH—LACK OF PREJUDICE.—In actions by a canal company to foreclose liens to secure notes given by a rice company in payment for water, wherein the defendant set up a counterclaim for damages to the crop from delay in furnishing the water, an assumption in an instruction that there had been in fact a breach of the contract by the plaintiff was not misleading where the opening statement of counsel, the course of the evidence, other instructions, and, doubtless, the argument of counsel before the jury made it apparent that the main contention in the case was as to whether there had been a breach.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Carlin and Henry Ingram for Appellant.

Elston, Clark & Nichols and G. F. Jones for Respondent.

WILBUR, J.—Plaintiff brought two actions to foreclose liens to secure promissory notes, made in payment for

water, given it by the defendant corporation, which will be hereafter referred to as the defendant, the other defendants being joined solely because of their interest in the land upon which plaintiff claims a lien. The defendant filed counterclaims for damages alleged to have been suffered because of the partial failure of a rice crop alleged to be due to the delay of the plaintiff in furnishing irrigating water. The issues raised in these actions on these counterclaims were consolidated and tried before a jury and verdict was rendered thereon in favor of the defendant for twenty thousand dollars. The court decided in favor of plaintiff's right to recover upon the promissory notes and therefore deducted the amounts thereof from the counterclaim found by the jury, and judgment was rendered against the plaintiff for the balance of $14,051.10. Plaintiff appeals.

Two contracts in writing granting a water right were executed by the parties, both dated May 9, 1914. By one of these contracts plaintiff agreed to furnish the defendant irrigating water for four hundred acres of land; by the other for a tract of 560 acres. The former called for two and a half cubic feet per second normal rate, and, upon demand, for five feet additional. The contract for the 560 acres called for three and a half cubic feet per second normal rate, and, upon demand, for seven feet additional. The plaintiff charged not only for the normal quantity of water, but also for such additional water required by defendant for raising rice, and these actions were to recover on the promissory notes given in payment therefor. If we were called upon to construe these contracts between the parties to determine whether or not the plaintiff was obligated to furnish such additional water for the season of 1914, a difficulty arises, because they provide that when the additional water is required, notice to that effect shall be given in January of each year. As the contracts were executed in *May*, no notice could have been given thereunder for the additional water in 1914, as required by the terms thereof. The delay of which the defendant complains was in the failure to furnish water before June 5, 1914, immediately upon the execution of the contracts. It is unnecessary to determine this question on this appeal, for the reason that in the trial court no distinction was

made between the normal and "additional" requirements
as to water. The former was provided for in paragraph 1
and the latter in paragraph 11 of the contract. The court
interpreted the contract in its instructions to the jury and
no complaint thereof is made on this appeal. This instruc-
tion is as follows: "The jury is further instructed that by
the language of the contract in evidence, the Sutter Butte
Canal Company, plaintiff herein, agreed to furnish water
from and after May 9, 1914, and if you find that the
defendant, American Rice and Alfalfa Company, was ready
in the year 1914 to receive said water at such time or later
for the purpose of making valuable use thereof in the
raising of rice, the obligation rested on the plaintiff to
supply such water." "The jury is instructed that under
the terms of the written contract between the Canal Com-
pany and the Rice Company, the Rice Company was
entitled to have the water called for by the contract de-
livered to the land described in the contracts after May
9th, the date of those contracts." Upon this interpreta-
tion of the contract the issues of fact were presented to
the jury, plaintiff contending that water was in its canal
on and after May 24, 1914, and that the defendant was
not ready to use such water and did not use it before the
fifth day of June, 1914. If plaintiff's contention was
correct, the defendant would not be entitled to damages,
and the court so instructed the jury. The defendant
claimed that it was ready to use water as early as May
5th, and that although it needed water daily after May 9th,
the canals necessary for furnishing such water were not
yet completed by the plaintiff, and even when completed
no water was available to defendant therein until after
June 1, 1914. The distinction between the plaintiff's duty
to furnish the "additional" water and the normal supply
was first referred to during the argument in this court.
Even in its petition for a hearing in this court no such
distinction was made. This petition states: "It [the con-
tract] does not specifically state the date upon which the
furnishing of water shall commence each and every year.
Of course, it is to be furnished only during the irrigating
season, and not all the time. And the true and obvious
construction to be given to this paragraph [one] would
be that the water should be furnished when respondent

was ready to receive and take the same upon its land. No other construction can be reasonably given it. . . . Under that contract and upon the theory upon which the case was tried and necessarily had to be tried, at least within a reasonable time after its execution, or at least some time thereafter, if respondent was ready to receive the water on its land, *appellant would be required to furnish it* . . . "

The errors complained of by appellant are confined to objections to that portion of the evidence of the defendant tending to prove that water on or prior to May 15th was essential to maturing a crop of rice; that the delay in flooding its land was caused by the plaintiff; and that the court improperly instructed the jury in this, that the instructions assumed that there had been a breach of the contract by the plaintiff.

[1] The testimony of the witnesses as to the effect upon a rice crop of the delay in furnishing water was clearly admissible for the purpose of showing that such delay was the proximate cause of defendant's loss. As stated, the jury were instructed that the obligation of the plaintiff to furnish water dated from May 9th, and, under such instruction, if any damage resulted from a failure to furnish water before that time, defendant was not entitled to recover therefor. The objection to this line of testimony was properly overruled.

The appellant contends that the evidence is insufficient to sustain the verdict because there is no evidence that the defendant was ready to receive the water before May 24th, when such water was available. The evidence on this question is conflicting. Mr. Yoakum, the defendant's superintendent, testified that on May 9, 1914, the four hundred acres was ready for the first application of water; that within two days thereafter 160 acres of the 560 acre tract was ready for water; that by May 14th all but sixty acres of the 560 acre tract was ready for the first application of water, and that the sixty acres was ready for water May 16th at 10 o'clock. The witness further testified that he made use of all the water furnished by the plaintiff and that using all such water it required twenty days to complete the first flooding, which should have been done in eight days if there had been sufficient water. In view of

this and other evidence to the same effect it cannot be said that the verdict in this regard is not supported by the evidence. The appellant complains that under the instructions the court assumed that there had in fact been a breach of contract by the plaintiff. Two instructions were given covering substantially the same ground in almost the same language. In the first the court, after stating in a general way the nature of the case and that the defendant alleged and the plaintiff denied damages by reason of the failure to furnish water, instructed the jury as follows: ''The plain issues before you and which you, gentlemen of the jury, have been sworn to determine the facts upon the evidence adduced on the trial and under the instruction of the court as to the law of the case, are:

''First: Whether there is anything due the plaintiff for the furnishing of the water in the year 1914, and

''Second: Whether there is anything due defendant for the breach of the two contracts, *that is, if you find there has been a breach,* for the furnishing of the water to the four hundred acres and the 560 acre tracts in the year 1914.'' (Italics ours.)

In the next instruction the issues are again stated in somewhat different language, and the court concluded the instruction as follows: ''By stipulation of counsel, the issues you are to determine are, first, whether there is any sum due to the plaintiff for the furnishing of water in the year 1914; second, whether there is anything due to the defendant for the breach of the two contracts for the furnishing of water to the four hundred acre tract and the 560 acre tract in the year 1914.'' It is as to this latter portion of the instruction that the appellant objects. It is proper to say in this connection that there is a conflict between the clerk and the reporter's record (both certified to by the trial judge) as to the first instruction. The phrase, ''that is, if you find that there has been a breach,'' is interpolated in the instruction as given in the reporter's transcript, but is not contained in the clerk's transcript. Appellant apparently does not dispute the correctness of the instruction as set forth in the reporter's transcript and printed in respondent's brief. There is nothing, however, in either transcript to show whether or not this instruction was given by the court of its own motion or at the re-

quest of the plaintiff or the defendant. As to the other instructions, each indicates whether or not it is given at the request of the plaintiff or defendant as set forth in the clerk's transcript. [2] It is important for the record to show whether or not instructions complained of are given at the request of the party complaining, and this should be made clear by the judge. (Code Civ. Proc., sec. 609.) In default of such explanation a party complaining of such an instruction may find its objection precluded by the rule which favors the regularity of the proceedings in the trial court. (*Gray* v. *Eschen,* 125 Cal. 5, [57 Pac. 664].) [3] We are satisfied, however, that the jury were not misled by the assumption in the instruction of which appellant complains. It must have been apparent to the jury that the main contention in the case was as to whether there had been a breach of the contract. The opening statement of counsel, the course of the evidence, and no doubt the argument of counsel before the jury, were largely directed to that question, nor does a consideration of the instructions as a whole lead to the conclusion that this issue was withdrawn from the jury. The jury was instructed that the defendant was required to prove its allegation that water was not received until a date so late in the season that it became and was impossible for the rice crop to mature in order to recover from the plaintiff; and, again, it was instructed that if the plaintiff had water available for the defendant before defendant had its land in condition to use the same, then the plaintiff was not in fault and the verdict must be in favor of the plaintiff. It is clear from these and other instructions that the jury could not have been misled by the instructions complained of into believing that they were instructed as a matter of law that the plaintiff was guilty of a breach of its contract.

Judgment affirmed.

Lennon, J., Angellotti, C. J., Shaw, J., Lawlor, J., and Olney, J., concurred.