[S. F. No. 10429. In Bank.—April 12, 1923.]

In the Matter of the Guardianship of the Person and Estate of LYDIA H. BARNEY, an Incompetent Person. BENJAMIN B. STANLEY, Appellant; LYDIA H. BARNEY, Respondent.

[1] APPEAL—PREPARATION OF REPORTER'S TRANSCRIPT—NOTICE—DISMISSAL—PROCEDURE.—The failure to give the notice to prepare the typewritten record for use on appeal is not a ground for a dismissal of the appeal. If, however, it appears from the entire record that, in the absence of a properly authenticated reporter's transcript, there is no record upon which a reversal of the decision could be predicated, then the proper course is to move for an affirmance of the judgment on that ground, and upon such application the court will consider the question as to whether or not the record was properly prepared.

[2] DEFAULT—APPEAL—NOTICE TO PREPARE TRANSCRIPT—CERTIFICATION OF TRANSCRIPT—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE.—The certification of a reporter's transcript by the trial judge, after the notice to the clerk for the preparation of the transcript as required by section 953 of the Code of Civil Procedure had been filed too late and the delay in filing such notice had been urged upon the trial judge at the time of such certification as a reason for denying the certification of the transcript, and after the appellant at that time, without admitting that a default had occurred, stated the reasons for such default, was an exercise of the power, if the court had the power, to grant relief under section 473 of the Code of Civil Procedure, notwithstanding the lack of formality in the request for such relief.

[3] ID.—PREPARATION OF TRANSCRIPT—TARDY NOTICE—CERTIFICATION OF TRANSCRIPT—TIME.—The trial judge has no jurisdiction under section 473 of the Code of Civil Procedure to relieve an appellant from default for failure to file the notice for the preparation

of the reporter's transcript as required by section 953a of the Code of Civil Procedure, by certifying the transcript more than six months after appellant's default.

APPEAL from an order of the Superior Court of Santa Clara County denying application for letters of guardianship. F. P. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel T. Bush, Fry & Jenkins, Jesse Robinson and Clarence De Lancey for Appellant.

A. Kincaid and Rodgers & Smith for Respondent.

WILBUR, C. J.—The trial court having denied an application for letters of guardianship of the person and estate of Lydia H. Barney, a motion for a new trial of the matter was made in the trial court, and motions were made to vacate the order denying the letters of guardianship, and in various ways the trial court was pressed for a reconsideration of the decision. The trial court having adhered to its conclusion an appeal was taken from the order denying the application for letters of guardianship and various other orders denying the application for reconsideration of such decision. The respondent moves to dismiss the appeal upon various grounds, some of which will be hereinafter stated, and also moves for an affirmance of the order of the trial court upon the ground that there is no sufficient record upon which the merits of the appeal can be considered. It is conceded that all the appeals, other than the one from the order denying the letters of guardianship, should be dismissed and that a motion for a new trial in such proceedings was not authorized by law. [1] It has been frequently held and is now thoroughly established that the failure to give the notice to prepare the typewritten record for use on appeal is not a ground for a dismissal of the appeal. If, however, it appears from the entire record that, in the absence of a properly authenticated reporter's transcript, there is no record upon which a reversal of the decision could be predicated, then the proper course is to move for an affirmance of the judgment on that ground, and upon such application the court will consider the question as to

whether or not the record was properly prepared. It follows from what has been said that the motion to dismiss all the appeals other than the one from the order denying the application for letters of guardianship should be granted and that the motion to dismiss the latter appeal should be denied.

The motion to affirm the order denying the application for letters of guardianship and the motion for the dismissal of the appeal from such order is based upon affidavits filed by the respondent and in connection with these affidavits the appellant has filed a typewritten transcript of the proceedings at the time of the final settlement of the reporter's transcript and its certification by the judge on September 16, 1922. From the affidavits thus presented, and from the transcript on appeal and the reporter's transcript filed on the motion, it appears that the notice to the clerk for the preparation of the transcript required by section 953a of the Code of Civil Procedure was filed April 15, 1922, although the appellant had notice of the entry of the decree denying letters of guardianship at least as early as February 25, 1922. The time for the filing of such notice was not extended.

The clerk of the superior court immediately upon the completion of the reporter's transcript handed it to the judge for certification and it was certified and forwarded to the clerk of this court, but inasmuch as the parties had not been notified of its presentation to the trial judge, the appellant requested the return of the transcript for certification. It was presented to the trial judge on the twenty-third day of June, 1922, but the matter of the approval of the transcript was continued until September 1, 1922, when it was again continued until the sixteenth day of September, 1922, at which time it was certified by the judge. This was more than six months after the default of the appellant for failure to file his notice for the preparation of the record within time. It is contended by the respondent that the application for relief under section 473 of the Code of Civil Procedure was too late if made at the hearing September 16, 1922, and that the court had then lost jurisdiction to grant the application for relief under section 473 of the Code of Civil Procedure.

It has been the custom of this court to consider applications for dismissal and for affirmance for lack of a record upon affidavits filed in this court and upon the transcript on file. Inasmuch as it appears that the notice for the preparation of the transcript was filed too late and no claim is made that the time for its filing had been extended, the only question is whether or not the court had and exercised the power to excuse the delay. No formal application for relief was made by the appellant at the time of the certification of the transcript on September 16, 1922, but the respondent objected to the settlement of the statement on the ground that the notice had not been filed in time. The appellant suggested that the delay was due to the inadvertent proceedings for a new trial, which were not authorized by law, and the court announced that, notwithstanding the delay, it would settle the bill of exceptions.

[2] In view of the fact that the delay of the appellant in filing the notice prescribed by section 953a of the Code of Civil Procedure was urged upon the trial court as a reason for denying the certification of the transcript, and in view of the fact that the appellant at that time, without admitting that a default had occurred, stated the reasons for such default and the court thereupon, notwithstanding the delay, certified the transcript, we think that if the court had jurisdiction to relieve the appellant under section 473 of the Code of Civil Procedure, the certification of the transcript under these circumstances was an exercise of that power, notwithstanding the lack of formality in the request for such relief. [3] The more serious question, however, is whether or not the court had jurisdiction after the expiration of six months from the time of appellant's default. We feel constrained by the provisions of section 473 of the Code of Civil Procedure to say that the court was without jurisdiction. If we had any discretion in the matter we would be disposed to exercise that discretion in favor of the appellant for the reason that the transcript has been, in fact, prepared with reasonable diligence and the delay in its proper presentation grew out of the fact that the clerk of the superior court sent the transcript to this court before its proper authentication. At the hearing in June upon the certification of the transcript the attention of the appellant was not called to the

fact that he was in default and apparently the appellant was of the opinion, until the 16th of September, 1922, that he was not in default. In view of the limitations fixed by sections 473 and 953a of the Code of Civil Procedure, it must be held that the transcript offered for use on appeal has not been prepared in accordance with the law and, therefore, is not available upon appeal. There is nothing in the clerk's transcript, if it be treated as a judgment-roll, which would show error.

The appellant resists the motion for an affirmance upon the ground that the motion for an affirmance is not predicated upon the ground that the trial court exceeded its jurisdiction in setting or certifying to the reporter's transcript, but upon the ground that the notice for the transcript was filed too late. This point is not available to the appellant for the reason that the respondent predicates her motion upon the failure of the appellant to file the notice in time and the only answer to that obvious insufficiency is the one sought to be made here, namely, that the trial court has relieved the appellant for this default. That point having been suggested by the appellant as a ground for the denial of the respondent's motion, the whole subject matter is before us and the order must be affirmed.

The order denying the application for letters of guardianship is affirmed. All other appeals are dismissed.

Lennon, J., Waste, J., Kerrigan, J., Seawell, J., Myers, J., and Lawlor, J., concurred.