[Civ. No. 2756.    Third Appellate District.—January 31, 1925.]

## S. J. BOGNUDA, Respondent, v. ELIZABETH B. PEARSON et al., Appellants.

[1] APPEAL — ALTERNATIVE METHOD — DELAY IN REQUESTING TRANSCRIPT.—Where the transcript on appeal discloses that the notice of appeal was filed twenty-eight days after the entry of judgment, but the notice prescribed by section 953a of the Code of Civil Procedure, stating that the defendants intended or desired to appeal from the judgment and requesting that a transcript be prepared or made up as outlined in said section does not appear in the record, and with the transcript, but upon a sheet of paper separate and apart from the transcript itself is the certificate of the clerk of the court to the effect that the notice for the transcription of all the proceedings had at the trial, including the testimony offered or taken, evidence offered or received, rulings, etc., was not filed with said clerk until some three months after the entry of judgment and that at the date of such certificate, which was about nine months after the entry of judgment, there was not pending the matter of the settlement of any bill of exceptions, the reporter's transcript cannot be considered in the determination of the appeal.

[2] ID.—CERTIFICATION BY JUDGE—INSUFFICIENT AUTHENTICATION.— Where the certificate of the judge purporting to authenticate the correctness of the reporter's transcript does not conform to the requirement of section 953a that the judge shall "certify to the truth and correctness of said transcript," but is that said transcript

---

2.    See 2 Cal. Jur. 632.

"is hereby settled, allowed and approved in accordance with the provisions of the statute," the reporter's transcript cannot be considered in connection with the disposition of the appeal which it is designed to support.

[3] ID.—JUDGMENT-ROLL—AUTHENTICATION OF INSTRUCTIONS—STIPULATION.—The instructions of the court do not constitute a part of the judgment-roll, but must be inserted and included in the reporter's transcript; and where they are included in the clerk's transcript and so may be treated as a part of the record on appeal, the instructions, to be subject to review on appeal on objection that they misstate the law applicable to the case, must be authenticated or certified by the judge as the instructions which were actually given upon the trial of the cause, or, in the absence of such authentication, there must be a stipulation of the parties that they were the instructions so given.

[4] ID.—INSUFFICIENT STIPULATION.—A written stipulation by the parties, upon a sheet of paper separate from the transcript, that the instructions of the court, "as copied and compared by the clerk," and bearing certain page numbers, "may be inserted in the clerk's transcript on appeal," and that the clerk's certificate as to the number of pages of his transcript may be corrected accordingly, and it is therein further stipulated that "this stipulation is not intended to waive any other objections to said transcript," is not a stipulation that they were the instructions given to the jury.

[5] ID.—REQUESTED INSTRUCTIONS—PRESUMPTION.—Where the record on appeal by defendant from a judgment entered in favor of the plaintiff does not indicate or show at whose request certain claimed objectionable instructions were given—whether at the request of the plaintiff or the defendants—the presumption is that they were given at the request of the defendants.

[6] ID.—STATUTORY REQUIREMENTS—PENALTY FOR NONCOMPLIANCE.— The mode and manner of preparing records or transcripts on appeal is of statutory origin, and the requirements of the statute as to the preparation of such records or transcripts must be complied with, although, in many instances, the reviewing courts, always preferring to dispose of cases on the merits thereof, have stretched the rules regulating the matter of taking appeals almost to the "breaking point" to avoid denying to litigants, in such cases, the right to have their complaints against the result reached below reviewed and passed upon.

[7] ID.—RELIEF FROM DEFAULT—TIME.—After the lapse of almost two years after the entry of judgment and the filing of notice of appeal, it is too late for the appealing party to put in motion the

7.   See 2 Cal. Jur. 630.

proceeding authorized by section 473 of the Code of Civil Procedure to secure relief from default in the preparation of a transcript on appeal under section 953a of said code.

(1) 4 C. J., p. 420, n. 43.   (2) 4 C. J., p. 441, n. 33, p. 450, n. 5. (3) 4 C. J., p. 151, n. 98, p. 445, n. 61, 62.   (4) 4 C. J., p. 445, n. 62 New.   (5) 4 C. J., p. 768, n. 22.   (6) 3 C. J., p. 1039, n. 2. (7) 4 C. J., p. 497, n. 99.

APPEAL from a judgment of the Superior Court of Glenn County.   Claude F. Purkitt, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. T. Belieu for Appellants.

Frank Freeman and George R. Freeman for Respondent.

HART, J.—The plaintiff sued the defendants to secure a judgment for damages in the aggregate sum of eight thousand dollars, alleged to be the extent, measured in money, of the injury alleged to have been inflicted upon the crops of alfalfa growing on certain lands of plaintiff in Glenn County and upon said lands by the alleged acts of the defendants in causing said lands to be flooded with water.   The complaint specifically describes those acts, and the answer likewise denies each and all of the averments of plaintiff's pleading.

The cause was tried by a jury, who awarded the plaintiff damages in the sum of four thousand dollars.   Judgment was entered accordingly.   The defendants appeal from said judgment, and in the preparation of the record on appeal attempted to proceed according to the method prescribed by section 953a of the Code of Civil Procedure.

The respondent contends that the appeal, in so far as the same is supported or supposed to be supported by the clerk's transcript or record on appeal, is not reviewable, for the reason that said transcript was not prepared and is not authenticated as required by said section 953a.   The contention is sound and must be sustained.   In fact, the attorney representing the appellants has not in his brief or otherwise attempted to combat the position taken by the respondent that, for the reason above stated, the clerk's transcript on appeal cannot be reviewed.   From this we might

assume that the attorney for the appellants clearly appreciates the impregnable force of the objection. But the objection should, of course, be herein considered.

Section 953a of the Code of Civil Procedure provides that "any person desiring to appeal from any judgment, order or decree of the Superior Court to the Supreme Court or any of the District Courts of Appeal may, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section 650 of this Code, . . . file with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, . . . be made up and prepared. Said notice must be filed within ten days after notice of entry of the judgment, order or decree, or if a proceeding on motion for new trial be pending, within ten days after notice of decision denying said motion, or of other termination thereof." Said section further provides that, upon receiving said notice, it shall be the duty of the court to require a stenographic reporter to transcribe fully and completely the phonographic report of the trial. The section then proceeds to define the duties of the stenographic reporter under the order of the court and to specify the matters to be contained in the transcript, the preparation thereof to be completed and filed with the clerk of the court by such reporter within twenty days after said notice has been filed with said clerk. Thereupon the clerk of the court must forthwith give the attorneys appearing in said cause notice that said transcript has been filed, and that within five days after receipt of said notice said transcript will be presented to the judge for approval. "At the time specified in the notice of the clerk to the attorneys said transcript shall be presented to the judge for his approval, and the judge shall examine the same and see that the same is a full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, instructions, acts or statements of the court, also all objections and exceptions of counsel and matters to which the same relate. The judge shall thereupon certify to the truth and correctness of said transcript and the same shall,

when so settled and allowed, be and become a portion of the judgment roll and may be considered on appeal in lieu of the bill of exceptions now provided for by law.''

[1] The transcript herein discloses that the judgment was entered on the fifth day of March, 1923, and that the notice of appeal was filed April 2, 1923. The notice required by the above section stating that the defendants intended or desired to appeal from the judgment and requesting that a transcript be prepared or made up as above indicated does not appear in the record. With the transcript, however, upon a sheet of paper separate and apart from the transcript itself, is the certificate of the clerk of the court to the effect that the notice for the transcription of all the proceedings had at the trial, including the testimony offered or taken, evidence offered or received, rulings, etc., was not filed with said clerk until June 6, 1923, and that at the date of the certificate (December 3, 1923) there was not pending the matter of the settlement of any bill of exceptions. It is only necessary to compare these facts with respect to the preparation or attempted preparation of the transcript with the requirements of section 953a of the Code of Civil Procedure specifying the time within which the steps thereby made necessary to be taken to perfect a record on appeal under the provisions thereof, to make it very clear that the reporter's transcript was not prepared as required by said section and for that reason is not available for the purposes of this appeal. In other words, the reporter's transcript cannot be considered in the determination of this appeal. (See *Des Granges* v. *Des Granges,* 175 Cal. 67, 70 [165 Pac. 13] ; *Morey* v. *Paladini,* 187 Cal. 727 [203 Pac. 760] ; *In re Barney,* 191 Cal. 18, 21 [214 Pac. 853].) [2] Furthermore, the certificate of the judge purporting to authenticate the correctness of the reporter's transcript does not conform to the requirement of section 953a in that particular. The judge's certificate is that said transcript ''is hereby settled, allowed and approved in accordance with the provisions of the statute,'' while said section provides that the judge shall ''certify to the truth and correctness of said transcript.'' It goes without saying that the reporter's transcript must be authenticated substantially as the statute requires, otherwise it cannot be considered in connection with the disposition of the appeal which it is

designed to support. (See *Williams* v. *Lane,* 158 Cal. 39
[109 Pac. 873].) Obviously, the reviewing courts must be
furnished with legal evidence of the fact that what are
brought to them as records on appeal are in truth the tran-
scripts or other proper reproductions of all that took place
at the trials, or so much thereof as it may be desired shall
be reviewed.

The appellants object to certain instructions embraced
within the court's charge to the jury. These assignments
cannot be reviewed. With the record is a written stipulation
by the parties upon a sheet of paper separate from the
transcript that the instructions of the court, "as copied and
compared by the clerk, and numbered pages 35 to 54, in-
clusive, may be inserted in the clerk's transcript on appeal,"
and that the clerk's certificate as to the number of the pages
of his transcript may be corrected accordingly. It was
further therein stipulated that "this stipulation is not in-
tended to waive any other objections to said transcript."

[3] The instructions of the court do not constitute a part
of the judgment-roll (Code Civ. Proc., sec. 670). They must
be inserted and included in the reporter's transcript. (Code
Civ. Proc., sec. 953a; *Tracy Brick & Art Stone Co.* v. *Wur-
ster,* 44 Cal. App. 652, 656 [187 Pac. 125].) Where, how-
ever, they are included in the clerk's transcript and so may
be treated as a part of the record on appeal, the instructions,
to be subject to review on appeal on objection that they mis-
state the law applicable to the case, must be authenticated or
certified by the judge as the instructions which were actually
given upon the trial of the cause, or in the absence of such
authentication, there must be a stipulation by the parties
that they were the instructions so given. (*Tracy Brick &
Art Stone Co.* v. *Wurster, supra.*) [4] The instructions
in the clerk's transcript here are not certified by the trial
judge as the instructions submitted to the jury by the court,
nor is there a stipulation of the parties to that effect. [5]
But there is still another obstacle in the way of reviewing
the objections to the instructions in this case in the fact that
there is nothing to indicate or show at whose request the in-
structions were given—whether at the request of the plain-
tiff or the defendants. The presumption is, therefore, that
they were given at the request of the defendants. (*Gray*
v. *Eschen,* 125 Cal. 1, 5 [57 Pac. 664] ; *Sutter Butte Canal*

*Co.* v. *American Rice & Alfalfa Co.,* 182 Cal. 549, 553, 554
[189 Pac. 277].) A party cannot predicate prejudice on
erroneous instructions submitted by the court to the jury
by his request.

It results from the foregoing considerations that there is
nothing left before us which is reviewable but the judgment
as supported only by the judgment-roll. No error appears
on the face of the judgment-roll and none is claimed. The
complaint states facts sufficient to disclose a cause of action
against the defendants for the relief sought, and is invul-
nerable as against the special objections thereto as set forth
in the demurrer.

It is clear from the foregoing that there is open to this
court, in disposing of this appeal, no other course than that
of affirming the judgment. Of course, it is always to be dep-
recated where a cause on appeal cannot be considered and
disposed of upon the merits of the controversy. [6] But
the mode and manner of preparing records or transcripts on
appeal is of statutory origin, and the requirements of the
statute as to the preparation of such records or transcripts
must be complied with, although, in many instances, the re-
viewing courts, always preferring to dispose of cases on
the merits thereof, have stretched the rules regulating the
matter of taking appeals almost to the ''breaking point'' to
avoid denying to litigants, in such cases, the right to have
their complaints against the result reached below reviewed
and passed upon. [7] Perhaps the defendants in this case,
by seasonable action, might have been relieved from their
default in the matter of the preparation of a transcript on
appeal under section 953a by an application for such relief
under section 473 of the Code of Civil Procedure. This
course, though, they did not adopt, and it is now too late
to put in motion the proceeding authorized by the last-named
section for the purpose of securing such relief. (*Des Granges*
v. *Des Granges,* 175 Cal. 67, 71 [165 Pac. 13]; *Morey* v.
*Paladini,* 187 Cal. 727, 731 [203 Pac. 760]; *In re Burney,*
191 Cal. 18, 21 [214 Pac. 853].)

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.