[Civ. No. 5454.  First Appellate District, Division One.—May 19, 1927.]

JACOB FINKELSTEIN, Appellant, v. JOHN E. COS-GROVE, Respondent.

[1] APPEAL — INSTRUCTIONS—REVERSAL OF JUDGMENT—RECORD—PRE-SUMPTIONS. — A judgment will not be reversed on the giving of instructions where there is nothing in the record to indicate or show at whose request the instructions were given; and under the presumption that every intendment must be indulged in favor of the judgment, the presumption is that they were given at the request of the party complaining.

(1) 4 C. J., p. 731, n. 81, p. 768, n. 21.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Walter E. Herzinger, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

G. C. Ringole and Samuel Hamburg for Appellant.

Sloss, Ackerman & Bradley and Sloss & Ackerman for Respondent.

CAMPBELL, J., pro tem.—This appeal is from a judgment entered in favor of respondent upon the verdict of the jury.  Appellant relies for a reversal of the judgment entirely upon alleged errors in the instructions of the court to the jury.  It is not contended that the verdict of the jury is against the evidence.

[1] Respondent has called our attention to the fact that the record does not indicate at whose request the instructions complained of were given and urges that appellant cannot be heard to complain of error in the instructions, since it is not shown that they were not given at his request and cites us to a number of authorities to support his position.  The latest expression in this state upon the question is *Bogunda* v. *Person*, 71 Cal. App. 105, 110, 111 [234 Pac. 857,

1. See 2 Cal. Jur. 869, 870.

859], in which the court uses this language: "But there is still another obstacle in reviewing the objections to the instructions in this case in the fact there is nothing to indicate or show at whose request the instructions were given—whether at the request of plaintiffs or defendants. The presumption is, therefore, that they were given at the request of defendants (*Gray* v. *Eschen,* 125 Cal. 5 [57 Pac. 664]; *Sutter Butte Canal Co.* v. *American Rice & Alfalfa Co.,* 182 Cal. 549, 553, 554 [189 Pac. 277]). A party cannot predicate prejudice on erroneous instructions submitted by the court to the jury at his request."

In *Gray* v. *Eschen,* 125 Cal. 5 [57 Pac. 667], the same rule is announced: "It is presumed that the proceedings in the court below were regular, and where error is claimed it is incumbent upon appellants to show it affirmatively. Applying the rule to the instructions given in this case we must presume that each and every one of the instructions were given at the request of plaintiff's counsel," and in *Perry* v. *J. Noonan Furniture Co.,* 8 Cal. App. 35, 37 [95 Pac. 1128, 1129], the court says: "The statement sets forth about twenty folios of instructions, but nowhere is it shown which were given at the request of the plaintiff, which were given at the request of the defendant, or which were given upon the court's own motion," and after quoting from *Gray* v. *Eschen, supra,* the court concluded: "For this reason we cannot say the court erred in the giving of the instructions."

In *Skrocki* v. *Stahl,* 14 Cal. App. 1 [110 Pac. 957], it is held: "Even if liable to the objections urged by appellant, we should have to assume that the criticised instructions were given at his request, in the absence of anything in the record to show to the contrary," and in *Sutter Butte Canal Co.* v. *American Rice & Alfalfa Co.,* 182 Cal. 549, 553, 554 [189 Pac. 277, 279]: "There is nothing, however, in either transcript (clerk's and reporter's) to show whether or not this instruction was given by the court of its own motion or at the request of the plaintiff or the defendant. As to the other instructions, each indicates whether or not it is given at the request of plaintiff or defendant as set forth in the clerk's transcript. It is important for the record to show whether or not instructions complained of are given at the request of the party complaining, and this should be made clear by the judge (Code Civ. Proc., sec.

609).  In default of such explanation a party complaining
of such an instruction may find its objection precluded by
the rule which favors the regularity of the proceedings of
the trial court.''

Appellant argues that where the record fails to disclose
at whose instance or request the instructions were given the
reviewing court may, if it so desires, presume that they were
proposed by appellant—that this is only a presumption and
may be disregarded; that in *Gray* v. *Eschen* the court in-
dulged merely in a presumption that the instructions com-
plained of were given at the request of plaintiff's counsel;
that with respect to *Perry* v. *J. Noonan Furniture Co.* the
language of the court was purely *dictum,* the judgment of
the trial court being reversed upon another ground; that
in *Skrocki* v. *Stahl* the appellate court did in fact consider
the instructions and found them nonerroneous, and, simi-
larly, in *Sutter Butte Canal Co.* v. *American Rice & Alfalfa
Co.* the court also examined the instructions and found they
contained no error; that in *Shannon* v. *Calmus,* 70 Cal. App.
652 [234 Pac. 107], the court says: ''That irrespective of
the defect in the record showing at whose instance or re-
quest the instructions complained of were given, such in-
structions were proper and justified the judgment of the
trial court.''

In the cases in which the instructions were considered the
court found it unnecessary to observe the presumption, since
the instructions were not prejudicial and did not call for
a reversal, it was not necessary to give effect to the pre-
sumption in order to affirm the judgment.  Our attention,
however, is not called to any authority in which the court
reversed a judgment in the face of this presumption.
''Every intendment and presumption not contradicted by
or inconsistent with the record on appeal must be indulged
in favor of the orders and judgments of superior court''
(2 Cal. Jur. 852).

There seems to be no question that in this state a judgment
will not be reversed on the giving or refusing to give in-
structions where there is nothing to indicate or show at
whose request the instructions were given—whether at the
request of the plaintiff or the defendant; that under the
presumption that every intendment must be indulged in

favor of the judgment the presumption is that they were given at the request of the party complaining.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.