[Civ. No. 725. Fourth Appellate District.—April 15, 1932.]

ELIZABETH ALLEN, Plaintiff and Appellant, v. BAY CITIES TRANSIT COMPANY (a Corporation) et al., Defendants and Appellants; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

[Civ. No. 726. Fourth Appellate District.—April 15, 1932.]

KATHRYNE J. ROYSTON, a Minor, etc., Plaintiff and Appellant, v. BAY CITIES TRANSIT COMPANY (a Corporation) et al., Defendants and Appellants; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Louis P. Pink and George W. Seith for Plaintiffs and Appellants.

B. P. Gibbs for Defendants and Appellants.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

JENNINGS, J.—The appeals herein are taken by defendants, Bay Cities Transit Company, a corporation, and Lyman M. Hill, from judgments rendered in favor of plaintiffs in two actions separately instituted by each plaintiff. The actions were brought to recover damages for personal injuries alleged to have been sustained in the same accident, and as the same facts relative to the accident, except those pertaining to the nature and extent of the injuries suffered by the respective plaintiffs, were involved in each case, by stipulation of all parties concerned the actions were consolidated and tried together before a jury and, by further stipulation, the appeals have been consolidated and are brought up together upon one transcript. The trial resulted in verdicts in favor of each plaintiff against all defendants. In accordance with the verdicts thus returned, a judgment was rendered in favor of each plaintiff. Motions for a new trial were then made by each defendant and were granted as to defendants Pacific Electric Railway Company, a corporation, and C. W. Harris, and were denied as to defendants Bay Cities Transit Company, a corporation, and Lyman M. Hill.

Defendant appellants concede that, as the evidence produced during the trial of the actions was conflicting, it may not now be urged that the verdicts of the jury are lacking in evidentiary support. This concession renders unnecessary a detailed statement of facts. It is, however, contended that the court erred in giving certain instructions and that the verdict in favor of plaintiff Elizabeth Allen is excessive.

With respect to the contention of these appellants that error was committed in the giving of the instructions complained of, plaintiff respondents urge certain objections thereto that merit consideration.

It is first pointed out that the record fails to disclose whether or not the instructions which are claimed to be erroneous were given at the request of appellants and it is contended that an appellate court is therefore warranted in presuming that the questioned instructions were given at the request of appellants in accordance with the rule declared in 2 California Jurisprudence, 870, in the following language: "If the record does not show at whose request instructions were given, it will be presumed that they were requested by the appellant who claims them to be erroneous."

The rule thus stated has the support of numerous California authorities, among which may be noted the following: *Gray* v. *Eschen*, 125 Cal. 1, 5 [57 Pac. 664]; *Sutter-Butte C. Co.* v. *American Rice & Alfalfa Co.*, 182 Cal. 549, 554 [189 Pac. 277, 279]; *Perry* v. *Noonan Furniture Co.*, 8 Cal. App. 35, 37 [95 Pac. 1128]; *Skrocki* v. *Stahl*, 14 Cal. App. 1, 7 [110 Pac. 957]; *Finkelstein* v. *Cosgrove*, 83 Cal. App. 201, 203 [256 Pac. 608]. However, it is proper to observe that the rule has been modified by the Supreme Court in *Fawkes* v. *Reynolds*, 190 Cal. 204 [211 Pac. 449], where it was held that, in an appeal taken upon a bill of exceptions from which it appeared that all of the instructions were given by the court, thus allowing to each party an exception thereto under section 647 of the Code of Civil Procedure, the record is not so ambiguous as to require an appellate court to presume that an alleged erroneous instruction was given at appellant's request, since if such were the fact it should appear by a statement in the bill of exceptions. The appeals herein were taken under the alternative method provided by section 953a of the Code of Civil Procedure, and it may be conceded that *Fawkes* v. *Reynolds, supra,* is not therefore directly in point. In *Sutter-Butte C. Co.* v. *American Rice & Alfalfa Co., supra,* the appeal was taken under the alternative method and the following language of the court is pertinent to the present discussion: "It is important for the record to show whether or not instructions complained of are given at the request of the party complaining, and this should be made clear by the judge. (Code Civ. Proc., sec. 609.) In default of such explanation a party complaining of such an instruction may find its objection precluded by the rule which favors the regularity of the proceedings in the trial court. (*Gray* v. *Eschen*, 125 Cal. 5 [57. Pac. 664].)" The court did not, however, enforce the rule suggested but proceeded to consider the instructions complained of and to hold that the jury could not have been misled by them. A recent decision of the District Court of Appeal for the Third District holds that there is no reason why the rule as modified by *Fawkes* v. *Reynolds, supra,* should not apply to an appeal taken under the provisions of section 953a of the Code of Civil Procedure, since under the terms of this section five days' notice is required to be given to counsel of the settlement and allowance of the reporter's transcript by

the trial judge, which, it is said, affords to an appellant an opportunity to have incorporated in the record information showing by whom the questioned instructions were proposed and in this respect an appellant has the same rights as are afforded to a litigant whose appeal is taken under a bill of exceptions. The court thereupon held the instructions reviewable under the reasoning and conclusions of the Fawkes case (*Hayes* v. *Emerson*, 110 Cal. App. 470 [294 Pac. 765]). If the court's decision is correctly reported, it is difficult to understand why, if, as the language of the decision states, in an appeal taken under section 953a of the Code of Civil Procedure, an appellant has an opportunity to have incorporated in the record information showing the source of an instruction of which he complains, and does not avail himself of the opportunity, he may nevertheless urge his objection to such instruction under the theory that it will be deemed that exception was taken thereto in accordance with the provisions of section 647 of the Code of Civil Procedure. If, as the decision states, an appellant has the opportunity to dissipate any doubt as to the source of a questioned instruction and fails to take advantage of the opportunity, it would appear logical that he thereby forecloses himself from thereafter urging objection to it. If, on the other hand, the court meant to say that an opportunity was afforded to a respondent to have incorporated in the record information showing the source of a questioned instruction and having failed to do so, the effect will be that an exception will be deemed to have been taken thereto, the question naturally arises why the burden of having incorporated in the record information as to the source of a questioned instruction should be placed upon a satisfied respondent rather than upon a discontented appellant. ■ At all events, it will suffice to follow the example set in *Sutter-Butte C. Co.* v. *American Rice & Alfalfa Co., supra,* and to call attention to the importance of having the record contain information respecting the source of instructions which are claimed to be erroneous and the possibility of an appellant discovering that objections to instructions may be precluded by the presumption of regularity attaching to proceedings in the trial court, without foreclosing the objections of appellants by strict application of the rule.

█ A less technical objection to a consideration by this court of the instructions attacked by appellants is presented in the contention of respondents that, since it is conceded that the evidence produced at the trial was conflicting and the verdicts and judgments rendered in conformity therewith are not vulnerable to attack on the ground of evidentiary nonsupport, a complaint that the alleged erroneous instructions were unduly favorable to co-defendants of appellants is not sustainable. The record in the appeals herein presented shows that each respondent was a passenger for hire on an auto-bus of appellant Bay Cities Transit Company, a corporation, which, at the time of the accident, was being operated by appellant Lyman M. Hill. The accident in which the injuries were incurred by respondents resulted from a collision between the auto-bus and a street-car of defendant Pacific Electric Railway, a corporation, which was being operated by defendant C. W. Harris. As heretofore noted, a separate action was instituted by each respondent against appellants and their co-defendants Pacific Electric Railway Company and C. W. Harris. There is no pretense that any negligence of defendants Electric Railway Company and C. W. Harris, or either of them, is imputable to appellants. Under such circumstances, one defendant will not be heard to complain that instructions were given which were too favorable to his co-defendant or that instructions applicable solely to his co-defendant were erroneous. This is because of the general rule which permits an appellant to assign as error only such proceedings as injuriously affect him. (24 Cal. Jur. 865; *Nichols* v. *Pacific Electric Ry. Co.,* 178 Cal. 630 [174 Pac. 319]; *Goehring* v. *Rogers,* 67 Cal. App. 253 [227 Pac. 687]; *Crabbe* v. *Rhoades,* 101 Cal. App. 503, 524 [282 Pac. 10].) The rule is peculiarly applicable here, since the jury returned a verdict not only against appellants but also against their co-defendants. Whatever error may have been contained in the instructions complained of was rendered harmless by the verdict (*Spear* v. *United Railroads,* 16 Cal. App. 637 [117 Pac. 956]). Appellants have not pointed out sufficient evidence appearing in the record showing that, but for the error of which they complain, there might have been a finding in their favor. At most, therefore, they have presented a mere question of abstract error which does not warrant reversal of the judg-

ment. (*Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776, 783 [89 Pac. 1109].)

The contention is made by appellants that the jury's award of damages in the amount of $15,000 for the injuries sustained by respondent Elizabeth Allen is excessive. No such contention is made as to the award of $1250 for injuries sustained by respondent Kathryne J. Royston. As to respondent Elizabeth Allen, the evidence with respect to her age, physical condition prior to the accident, employment, injuries sustained, effect and duration of the injuries, and decrease in earnings subsequent to the accident, may be summarized as follows: At the time the accident occurred, on March 9, 1927, respondent Elizabeth Allen was twenty-one years of age and in perfect health. She was then employed at a weekly wage of $18. As a result of the accident she was rendered unconscious for a brief time. She suffered injuries to the back part of her head, her right jaw, her back and her legs and ankles. The back of her head was considerably swollen and was the source of severe pain and frequently recurring headaches, conditions which continued to persist at the time of the trial which was more than fourteen months subsequent to the date of the accident. Her right jaw was bruised and tender. She sustained numerous bruises on her body and on her legs and arms which remained for two or three weeks. Her legs and ankles were severely bruised and the ligaments and muscles of her ankles were strained. As a result of the injuries in her legs and ankles, her legs became swollen to her knees when she remained standing for any appreciable length of time, a condition which persisted at the time of the trial. Her back was sprained, causing severe pain. There was marked tenderness in the region of the second, third and fourth lumbar vertebrae and the left lumbar muscle was rigid, indicating that there had been injury to the muscle tissue. She suffered severe pain in the lower portion of the spine and any movement of the sacroiliac joints caused pain. The physician who furnished medical care and attention to her for several months subsequent to the accident testified that, in his opinion, there was a tearing of the ligaments which fasten the hip-bone to the spine and that these ligaments were probably torn from the

spine. In his opinion, she will suffer permanent backache by reason of the ligaments being torn, leaving two rough bones. Her abdomen was bruised and the muscles on the right side of the abdomen were irritated. The right ovary was enlarged and there was some displacement of the uterus. Because of the injuries resulting from the accident, her menstrual periods had been prolonged for two or three days and rendered very painful. She had been rendered nervous and irritable because of her injuries and the pains and aches suffered from them. She was confined to her bed most of the time for about two months and was unable to go out of doors for four months subsequent to the accident. It was found necessary to administer sleep-inducing drugs for a period of from six to eight weeks succeeding the accident to enable her to sleep. She required the care of a practical nurse for the first four months after the accident. She was not able to work until a period of six months had elapsed. When she returned to work she was compelled to remain at home for two or three days each week because of headache, backache and swollen legs. Her wages were correspondingly reduced because of this loss of time. From the above description of the injuries sustained by respondent Allen, it appears that, with the exception of the rupture of the ligaments attaching the hip-bone to the spine and the displacement of the uterus and the enlargement of the right ovary, the injuries consisted principally of bruises from which serious and permanent effects may not reasonably be expected to follow. A medical witness testified that the injury to the ovary and the uterus may be repaired by a major operation whose average mortality is three per cent. At first blush, the jury's award conveys an impression of undue generosity. It is to be noted, however, that appellants moved the court for a new trial and that, as one of the grounds specified in the notice of intention, appellants urged excessiveness of damages. The trial court, therefore, had the opportunity to reduce the damages allowed by the verdict if, in the exercise of sound discretion, it had thought the award excessive. It did not take this action but permitted the verdict to stand not only as the appraisement of the jury but as its own appraisal of the damages. This court is not in a position to challenge intelligently the judgment of the trial court with nothing

of a substantial character before us to support a contrary conclusion. We think that it may not fairly be declared that the award was so grossly disproportionate to any compensation reasonably warranted by the facts presented on this appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice or corruption rather than an honest and sober judgment. This view precludes the employment of the power of revision (*Kelley* v. *Hodge Transportation System*, 197 Cal. 598 [242 Pac. 76]; *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]; *Coover* v. *Painless Parker, Dentist*, 105 Cal. App. 110 [286 Pac. 1048]).

 After the trial court had entered its order granting the motion of the defendants Pacific Electric Railway Company and C. W. Harris for a new trial, plaintiffs Elizabeth Allen and Kathryne J. Royston gave notice of appeal therefrom. Notice and request for the preparation of a reporter's transcript and clerk's transcript was duly given and these documents have been filed. No brief in support of the appeal thus taken has been filed by either Elizabeth Allen or Kathryne J. Royston. The order granting a new trial specifically recites that it was granted on the ground that the evidence was insufficient to support the verdict against defendants Pacific Electric Railway Company and C. W. Harris. The granting of a new trial for lack of evidence to support the verdict is usually a matter so entirely within the discretion of the trial court that abuse of discretion must clearly appear to warrant a reversal of the court's order (*Estate of Everts*, 163 Cal. 449 [125 Pac. 1058]; *Tumelty* v. *Peerless Stages*, 96 Cal. App. 530 [274 Pac. 430]). No attempt has been made by either of the parties who gave notice of appeal from the court's order granting a new trial to the above-named defendants to show that the trial court abused its discretion in granting the motion.

The judgment and orders from which these appeals have been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.