[Civ. No. 14389. Second Dist., Div. One. Mar. 31, 1944.]

BYRON PEEBLER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Roland Maxwell for Petitioners.

J. M. Danziger for Respondent.

DORAN, J.—The plaintiffs in an action in the Superior Court of the County of Los Angeles, in which action the said

plaintiffs recovered judgment against the defendants, have applied to this court for a writ of prohibition to restrain the said superior court from taking any further steps or proceedings in connection with the preparation of a transcript pursuant to the provisions of section 953a of the Code of Civil Procedure for use by defendants in their appeal from said judgment. According to the petition herein the defendants filed their notice of appeal from the judgment on January 15, 1943; and, over a period of nearly eleven months, defendants appear to have attempted unsuccessfully to perfect a record by way of a bill of exceptions. Plaintiffs' motions to strike the proposed bill of exceptions and to terminate proceedings, made during the course of this period, were denied by the trial court. On December 7, 1943, defendants moved the trial court for an order dismissing and terminating the pending proceedings for a bill of exceptions and for an order allowing said defendants a period of ten days thereafter within which to give notice to the clerk to prepare a record on appeal under section 953a of the Code of Civil Procedure. This motion was granted, the court making the following order: "It is hereby ordered that the proceedings pending for bill of exceptions be now terminated and appellants are allowed a period of ten days from date hereof within which to give notice to clerk to prepare record on appeal under C.C.P. 953a."

Petitioners contend that prohibition will lie in this instance because no remedy is available by way of appeal, the order in question not being appealable. It is true that the order above mentioned is not appealable, being in effect merely an order allowing appellants to proceed with the preparation of a record on appeal. However, it appears that petitioners will be afforded an adequate remedy in the ordinary course of proceedings on defendants' appeal from the judgment. The question as to the jurisdiction of the trial court to grant the relief given defendants in the preparation of their record on appeal can be passed on, with a sufficient record, upon defendants' appeal from the judgment. (*Hume* v. *Lindholm,* 85 Cal.App. 86 [258 P. 1006]; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 P. 497]; *Kramm* v. *Stockton Electric R.R. Co.,* 22 Cal.App. 761 [136 P. 534].) The following cases serve to illustrate the fact that the question of defendants' alleged default in the matter of preparing a transcript

may be given full consideration on appeal from the judgment. (*Colburn Biological Institute* v. *DeBolt,* 6 Cal.2d 631 [59 P. 2d 108]; *Lynch* v. *Coe,* 203 Cal. 422 [264 P. 747]; *Stenzel* v. *Kronick,* 201 Cal. 26 [255 P. 199]; *In re Barney,* 191 Cal. 18 [214 P. 853]; *Des Granges* v. *Des Granges,* 175 Cal. 67 [165 P. 13]; *Bognuda* v. *Pearson,* 71 Cal.App. 105 [234 P. 857]; *McDowell* v. *Title Guarantee etc. Co.,* 48 Cal.App. 400 [192 P. 103].) It should be pointed out that the statement in *Charles* v. *City of Crescent City,* 12 Cal.2d 241, at 243, 244 [83 P.2d 34], to the effect that a failure to file on time the notice to the clerk, as provided by section 953a of the Code of Civil Procedure, was cured by the filing of a certified transcript prior to notice of motion to dismiss the appeal, does not appear applicable to the alleged facts of the present case. Petitioners for the writ herein allege that they moved for termination of proceedings in the trial court. (In this connection see: *Kinkle* v. *Fruit Growers Supply Co.,* 53 Cal.App. 2d 706, at 709 [128 P.2d 420].) Under the circumstances here alleged it does not appear that the mere filing of a certified transcript in this court prior to any move by petitioners, will of necessity preclude petitioners from an adequate remedy upon the appeal from the judgment.

It is true that in *Jones* v. *Superior Court,* 78 Cal.App. 163 [248 P. 292], a peremptory writ of prohibition was granted to prevent the superior court from settling and certifying a reporter's transcript. But in that case the court, after holding that the order granting appellant relief was not an appealable order, merely stated, "Prohibition is the only adequate remedy available for the injured party." The possibility of review and consideration of the question upon the appeal proper is not there discussed. ▮ Moreover, the question of whether a plain, speedy and adequate remedy at law exists depends upon the circumstances of the particular case; and the determination of that question, to some extent at least, rests in the discretion of the court. (*Frye* v. *Superior Court,* 17 Cal.App.2d 198, 201 [61 P.2d 778]; *Fisher* v. *Superior Court,* 23 Cal.App.2d 528, 535 [73 P.2d 892].)

In *Hohnemann* v. *Pacific Gas & Elec. Co.,* 29 Cal.App.2d 551 [85 P.2d 151], an appeal from an order of the superior court, denying a motion to terminate proceedings for the preparation of a transcript on appeal under the alternative method, was dismissed. The following quotation is taken from the latter case,

at page 553: "Defendant argues that to deny the right of appeal from such an order is to deny an aggrieved party any remedy whatever to review the ruling of a trial court refusing to terminate the proceedings for the preparation of a transcript, for the reason that the proceedings upon which such an order is based take place subsequent to the entry of judgment and to the ruling on motion for new trial, if such motion be made, and consequently form no part of the record on the main appeal. It has been the practice in some trial courts, however, to allow such subsequent proceedings to be incorporated in the transcript on the main appeal, to the end that a full and complete consideration on appeal may be given to all material questions presented to and determined by the trial court; and in those cases wherein such subsequent proceedings have not been so made part of the transcript on the main appeal, the question of the validity of the trial court's order of denial has been brought up for review, preliminary to the hearing of the main appeal on the merits, by way of motion to dismiss, based on affidavits; and there would seem to be no reason why such course may not be followed in the present case, using as the record in the presentation of such motion the bill of exceptions upon which the present appeal was taken." The foregoing quotation is particularly apt, both in pointing out the existence of a remedy available to petitioners and in indicating the means of obtaining such remedy.

It appearing that the petitioners have a complete and adequate remedy in the ordinary course of law, the petition for a peremptory writ of prohibition is hereby denied.

York, P. J., and White, J., concurred.